CENTRAL CONSTRUCTION CO., A NEW JERSEY CORPORATION, PLAINTIFF, v. JOHN J. HORN, COMMISSIONER, STATE OF NEW JERSEY, DEPARTMENT OF LABOR & INDUSTRY; AND TOWNSHIP OF HAZLET SEWERAGE AUTHORITY, DEFENDANTS.

Superior Court of New Jersey
Law Division, Mercer County

Decided October 24, 1979.

*Mr. George T. Dougherty* for plaintiff (*Messrs. Katz, Bitterman & Dougherty,* attorneys).

*Mr. Morton P. Kramer* for defendant (*Messrs. Kramer & Micheletti, P. A.,* attorneys).

HERVEY S. MOORE, Jr., J. S. C.

This case involves the determination of who is liable for a wage deficiency that arises out of a summary judgment granted in favor of John Horn, Acting Commissioner, Department of Labor and Industry, in an action brought under the New Jersey Prevailing Wage Act, *N.J.S.A.* 34:11–56.25 *et seq.* Plaintiff Central Construction Co. is suing defendant Hazlet Township Sewerage Authority for indemnification of the amount of the wage deficiency which was assessed against it in the aforementioned summary judgment.

The facts in this case are not in dispute. In 1972 defendant publicly solicited bids for the performance of certain construction work to be performed in connection with a sewerage installation program. Plaintiff submitted a bid proposal and was awarded the contract, which was executed in November 1972 with the Sewerage Authority. After the contract was performed plaintiff was notified by the Department of Labor and Industry that the State Prevailing Wage Schedule was applicable to the contract and that there was a wage deficiency of $11,226.80. At that point plaintiff brought an action against both the Department of Labor and Industry and the Township of Hazlet Sewerage Authority. Plaintiff was seeking a judgment declaring the contract in question exempt from the New Jersey Prevailing Wage Act and, in the alternative, a judgment against the Sewerage Authority indemnifying it for any wage deficiencies it had to pay. A summary judgment motion on behalf of the Department of Labor and Industry was granted against plaintiff for the amount of the wage deficiency. The question of whether the Sewerage Authority must indemnify plaintiff is now before the court.

In granting defendant's motion for a summary judgment the court determined that the contract in this case was covered by *N.J.S.A.* 34:11–56.25 *et seq.*, which means that the State Prevailing Wage Schedule was applicable to the contract. When the act applies, an employer can be found liable to the

Department of Labor and Industry for the amount of any wage deficiency found to exist. In this case Central Construction Co., as the employer, is liable for the deficiency in wages that was found to exist.

Plaintiff's argument that it is entitled to indemnification from the Sewerage Authority is without merit from both a factual and a legal standpoint. Plaintiff argues that defendant failed to specify, as required under *N.J.S.A.* 34:11–56.28, what the prevailing wage rate in the locality was. From a factual standpoint, this argument does not hold up. In fact, a schedule of the state prevailing wages was included in the contract, albeit along with a schedule of the federal prevailing wages. In addition, the contract contained a provision urging the contractor to contact either the Sewerage Authority's engineer or the Department of Labor and Industry for assistance and clarification in determining the requirements of the State Prevailing Wage Act. Plaintiff admitted that he contacted neither. It is clear that the contract that was submitted to plaintiff was sufficient to meet the requirement contained in *N.J.S.A.* 34:11–56.28 that it specify the prevailing wage rate in the locality. This conclusion is supported by the facts in *Male v. Pompton Lakes Mun. Util. Auth.*, 105 *N.J.Super.* 348 (Ch.Div.1969), overruled on other grounds by *Male v. Renda Contracting Co.*, 122 *N.J.Super.* 526, 538 (App.Div.1973). In that case the contract that was submitted to bidders did not contain the prevailing wage rate schedule at all. The importance of the fact that no schedule was included in the contract at all is apparent from the following remarks by the court in that case:

. . . Anthony Nardone, president of Maple, testified that he looked for such schedule in the contract. Not having found any, he presumably concluded that the project was not subject to the Wage Act. Maple obviously bid for the job upon the assumption that it would not be required to pay the prevailing wage rate. It was lulled into this position by the failure of the Authority to obey the statutory requirement that it specify in the contract itself the prevailing wage rate in the locality for the craft or trade of all workmen needed to perform the contract. [105 *N.J.Super.* at 360]

In the case at bar there is no way that plaintiff can justifiably claim that it was "lulled" into thinking that the state prevailing wage schedule was not applicable to them. As has already been pointed out, not only was the schedule included in the contract, but plaintiff was also urged to contact the Department of Labor and Industry if they needed clarification on what wage schedule to apply. There is no question that the requirements of *N.J.S.A.* 34:11–56.28 were met in this case.

■ From the legal standpoint, it is clear from the opinion in *Male v. Renda Contracting Co., supra,* that no liability for a wage deficiency can be imposed on a public body under the New Jersey Prevailing Wage Act. Unless there is some express contractual provision under which defendant agreed to indemnify plaintiff, no liability can be imposed on defendant, regardless of their failure to comply with the requirements of *N.J.S.A.* 34:11–56.28. It is on this point that the court in *Male v. Renda Contracting Co.,* specifically overruled the opinion in *Male v. Pompton Lakes, supra.* The court stated:

> . . . Absent some contractual provision as the basis for such liability, justification for finding a public body liable for a deficiency owing to employees under the act must be found in the provisions of the act itself. A search of the act disclosed that the legislature has adopted no provision under which a public body may be found liable to a workman. The only duty imposed upon a public body under the act is found in Section 4 (N.J.S.A. 34:11–56.28), which requires the public body to ascertain the prevailing wage rate in the locality for the work to be performed and to "specify in the contract itself what the prevailing wage rate in the locality is for each craft or trade or classification of all workmen needed to perform the contract during the anticipated term thereof." We find no way that the act can be read to impose the sanctions or remedies expressly imposed on the employer on the public body. [122 *N.J.Super.* at 537]

The words of the court speak for themselves. As the court states, there is no way that the liability of the employer for a wage deficiency can be imposed on a public body, the Sewerage Authority, here. There was no express contractual provision under which this defendant agreed to indemnify the plaintiff.

For the aforementioned reasons judgment will be entered in favor of defendant on count II of the Complaint.