179 N.J. Super. 95 (1981)
430 A.2d 939
CENTRAL CONSTRUCTION CO., PLAINTIFF-APPELLANT,
v.
JOHN J. HORN, ACTING COMMISSIONER, STATE OF NEW JERSEY, DEPARTMENT OF LABOR AND INDUSTRY; AND TOWNSHIP OF HAZLET SEWERAGE AUTHORITY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1981.
Decided May 1, 1981.
*97 Before Judges MATTHEWS, MORTON I. GREENBERG and ASHBEY.
George T. Dougherty argued the cause for appellant (Katz, Bitterman & Dougherty, attorneys).
Michael L. Diller, Deputy Attorney General, argued the cause for respondents (John J. Degnan, Attorney General of New Jersey, attorney; Erminie L. Conley, Assistant Attorney General, of counsel).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
In 1972 plaintiff submitted a bid to defendant Hazlet Township Sewerage Authority for certain sewerage construction work. The work was funded partly by the Authority (64%) and partly by the Federal Department of Housing and Urban Development (36%). The bid submitted by plaintiff was calculated *98 using the federal prevailing wage rates rather than the higher state prevailing wage rates.
Plaintiff was awarded the contract and the project was completed in September 1973. Subsequently, defendant Horn, Acting Commissioner of the State Department of Labor and Industry, advised plaintiff that it had violated the New Jersey Prevailing Wage Act, N.J.S.A. 34:11-56.25 et seq., by failing to pay the prevailing state wage rates, and that it owed 17 of its workmen a total of $12,026.80.
Plaintiff instituted this action seeking judgment declaring N.J.S.A. 34:10-2 and 34:11-1.1, which exempt federally-funded projects from the state prevailing wage law, to be applicable to plaintiff's contract with the sewerage authority. The complaint also sought indemnification from the sewerage authority in the event that the state wage rate was determined to be applicable.
The Commissioner counterclaimed for judgment on behalf of plaintiff's employees in the amount of $12,026.80.[1] Plaintiff filed a cross-claim against the sewerage authority seeking indemnification in the event that judgment was entered in the Commissioner's favor on his counterclaim.
Plaintiff moved for summary judgment and the Commissioner then brought a cross-motion for summary judgment on his counterclaim. The trial judge denied plaintiff's motion and granted the Commissioner's motion, ruling that N.J.S.A. 34:10-2 and 34:11-1.1 were impliedly repealed by N.J.S.A. 34:11-56.25 et seq. and thus were not applicable to plaintiff's contract with the sewerage authority. He based his ruling on several grounds: (1) N.J.S.A. 34:10-2 and 34:11-1.1 were expressly repealed by L. 1975, c. 394, § 1 and "were superseded by the New Jersey Prevailing Wage Act"; (2) N.J.S.A. 34:11-56.27, 56.28 and 56.30 "clearly supersede" N.J.S.A. 34:11-1, although the latter statute *99 was not expressly repealed at the time the act was passed; (3) the Commissioner interpreted the act to supersede N.J.S.A. 34:10-2 and 34:11-1.1, and since passage of the act in 1963 had directed personnel of the Office of Wage and Hour Compliance, Public Contracts Section, Department of Labor and Industry, to apply the act to all public contracts, including those funded by the Federal Government; and (4) the precise exceptions to the act, set forth in N.J.S.A. 34:11-56.26(4), (5), (7) and 56.27, lead to the inference "that these were to be the only exceptions and that there would be no exception for federally funded projects." He also ruled that N.J.S.A. 34:11-56.26(4), which in 1972 exempted municipalities with a population of less than 25,000 from the act, was not applicable since plaintiff had contracted not with the municipality[2] but with the sewerage authority, a separate entity. Accordingly, judgment was entered in the Commissioner's favor in the amount of $11,336.80.
In another proceeding, Judge Moore decided that the sewerage authority was not liable to plaintiff for indemnification of the amount of the wage deficiency. See 171 N.J. Super. 152 (Law Div. 1979).

I
Plaintiff contends that the Law Division judge erred in concluding that N.J.S.A. 34:10-2 and 34:11-1.1 were impliedly repealed by the New Jersey Prevailing Wage Act, N.J.S.A. 34:11-56.25 et seq., L. 1963, c. 150, §§ 1 to 22.
N.J.S.A. 34:11-1, L. 1931, c. 243, § 1 provided:
Every contract in excess of five thousand dollars in amount, to which the state or any political subdivision is a party, which requires or involves the employment of laborers or mechanics in the construction, alteration, or repair of any public buildings of the state or any political subdivision thereof within the geographical limits of the state shall provide that the rate of wages for all laborers and mechanics employed by the contractor or any subcontractor on the public buildings covered by the contract shall be not less than the prevailing rate of *100 wages for work of a similar nature in the city, town, village, or other civil division of the state in which the public buildings are located....
N.J.S.A. 34:11-1.1 L. 1935, c. 243, § 1, was the exception to N.J.S.A. 34:11-1:
All statutes providing for hour of employment and rates of wages of laborers, workmen and mechanics on work done under contract made by or on behalf of the state or any board, department, commission or agency thereof or by or on behalf of any county or municipality or any water, sewer or fire district, or any school district or consolidated school district shall not apply and shall be without force and effect where payment for work under such contracts or payments to such laborers, workmen and mechanics shall be made in whole or in part out of grants of money received from the federal government or any agency thereof. [Emphasis supplied]
N.J.S.A. 34:10-2 is identical to N.J.S.A. 34:11-1.1. The former statute is found in Title 34, Chapter 10, which regulates hours of labor, and the latter in Title 34, Chapter 11, which regulates wages.
While N.J.S.A. 34:11-1 and 34:11-1.1 included contracts in excess of $5,000 for public buildings and exempted federally-funded projects, the 1963 New Jersey Prevailing Wage Act, N.J.S.A. 34:11-56.25 et seq., covers contracts in excess of $2,000 for any public work and does not provide an exemption for federally-funded projects:
Every contract in excess of $2,000.00 for any public work to which any public body is a party shall contain a provision stating the prevailing wage rate which can be paid (as shall be designated by the commissioner) to the workmen employed in the performance of the contract and the contract shall contain a stipulation that such workmen shall be paid not less than such prevailing wage rate. [N.J.S.A. 34:11-56.27; emphasis supplied]
"Public work" means construction, reconstruction, demolition, alteration, or repair work, or maintenance work, including painting and decorating, done under contract and paid for in whole or in part out of the funds of a public body, except work performed under a rehabilitation program. [N.J.S.A. 34:11-56.26(5)]
The act also contains a general repealer which provides that "All acts and parts of acts are repealed insofar as they are inconsistent herewith." N.J.S.A. 34:11-56.45. While this clause is not an express repeal, as it does not designate any act to be repealed, it does predicate repeal upon the condition of a substantial conflict between the act and prior statutes. See 1A *101 Sutherland, Statutory Construction (4 ed. 1972), § 23.08 at 221. Whenever
... a later expression of the legislative will is so clearly in conflict with an earlier statute relating to the same subject that the two cannot stand together reasonably, the courts have no hesitancy in finding a legislative intention to supercede the earlier law. [Labor Dep't v. Cruz, 45 N.J. 372, 380 (1965)]
See, also, Two Guys From Harrison, Inc. v. Furman, 32 N.J. 199, 223 (1960). We find the prevailing wage act to be clearly in conflict with N.J.S.A. 34:11-1 and 34:11-1.1. The act applies to contracts in excess of $2,000 for any public work, including public buildings, N.J.S.A. 34:11-56.26(5), whereas N.J.S.A. 34:11-1 applies to contracts in excess of $5,000 for public buildings only. The two statutes cannot stand together reasonably because a federally-funded contract in excess of $5,000 for a public building would be exempt from the state prevailing wage law under N.J.S.A. 34:11-1.1 but not under the act, which has no such exemption. Moreover, the enumeration of exclusions from the operation of the act suggests that the act should apply to all cases not specifically excluded. 2A Sutherland, above, § 47.23 at 123. See Gangemi v. Berry, 25 N.J. 1, 11-12 (1957). The act excludes only contracts for less than $2,000, N.J.S.A. 34:11-56.27, work performed under a rehabilitation program, N.J.S.A. 34:11-56.26(5), and material suppliers or their employees who do not perform services at the job site, N.J.S.A. 34:11-56.26(7).
The act as initially adopted also excluded municipalities having a population of less than 45,000. N.J.S.A. 34:11-56.26(4), L. 1963, c. 150, § 2. The act was amended in 1966 to exclude municipalities having a population of less than 25,000. L. 1966, c. 118, § 1. That exclusion was eliminated in 1974 by L. 1974, c. 64, § 1. Plaintiff argues that, after passage of the act in 1963 N.J.S.A. 34:11-1 served to cover the municipalities which, prior to 1974, were excluded from the act. The exclusion of certain municipalities from the act, however, would have been an empty gesture if the municipalities were nevertheless required to comply with the State prevailing wage law under N.J.S.A. 34:11-1. The Legislature is presumed not to employ meaningless language *102 or to intend useless legislation. Gabin v. Skyline Cabana Club, 54 N.J. 550, 555 (1969); Newark Bd. of Ed. v. Newark Teachers Union, 152 N.J. Super. 51, 60 (App.Div. 1977). Thus, the more reasonable construction is that the Legislature intended the act to supersede N.J.S.A. 34:11-1 and 34:11-1.1.
In 1975 the Legislature expressly repealed N.J.S.A. 34:10-1, 34:10-2, 34:11-1 and 34:11-1.1. L. 1975, c. 394, §§ 1 and 2. According to the introductory statement:
The purpose of this bill is to remove obsolete laws from the books.
These statutes were superceded by the New Jersey Prevailing Wage Act, P.L. 1963, c. 150 (c. 34:11-56.25 et seq.), and are no longer necessary since all municipalities are now covered.
Although
... the later express repeal of a particular statute may be construed as some indication that the legislature did not previously intend to repeal the statute by implication ... [this] should be accorded no more weight than is customarily given contemporary interpretation originating from other sources. [1A Sutherland, above, § 23.11 at 235]
The language of the introductory statement to L. 1975, c. 394, §§ 1 and 2, is in our opinion further evidence that, at the time the act was passed, the Legislature intended that it supersede N.J.S.A. 34:11-1 and 34:11-1.1.
Plaintiff also contends that the Law Division judge erred in according great weight to the Commissioner's interpretation of the act because, at the time plaintiff submitted its bid, the Commissioner's interpretation was not widely established and was unknown to plaintiff. The trial judge made no finding as to whether plaintiff knew or ought to have known it should bid its labor costs on the basis of the state prevailing wage scale. However, the contract specifications warned bidders that
The Contractor shall comply with all State and Federal laws concerning Minimum Wage Rates that would be applicable to this project. The Contractor is urged to contact the New Jersey Department of Labor and Industry, Trenton, New Jersey for assistance and any clarification necessary in determining the requirements under the applicable laws.
Plaintiff was put on notice to inquire as to the applicability of the act. Cf. Male v. Ernest Renda Contracting Co., 122 N.J. Super. 526, 537-538 (App.Div. 1973), aff'd 64 N.J. 199 (1974), cert. *103 den. 419 U.S. 839, 95 S.Ct. 69, 42 L.Ed.2d 66 (1974). (Specifications incorporated in the proposed contract were sufficient to put the contractor on notice as to the applicability of the act as a matter of law.) In any event, we know of no authority for the proposition that courts may not accord customary weight to administrative interpretations simply because the litigant is unaware of the interpretation.
Plaintiff also contends that it was entitled in 1972 to rely on N.J.S.A. 34:11-1 and 34:11-1.1 "without fear of subsequent retroactive appeal." The short answer to that argument is that N.J.S.A. 34:11-1 and 34:11-1.1 were impliedly repealed in 1963 and were without legal effect after that date.

II
Plaintiff submits that Judge Moore erred in concluding that N.J.S.A. 34:11-56.26(4) did not exempt plaintiff from compliance with the act.
At the time plaintiff submitted its bid in 1972, N.J.S.A. 34:11-56.26(4) provided:
"Public body" means the State of New Jersey, any of its political subdivisions, except municipalities having a population of less than 25,000, any authority created by the Legislature of the State of New Jersey and any instrumentality or agency of the State of New Jersey or of any of its political subdivisions.
Thus, in 1972, contracts with municipalities of less than 25,000 persons, such as Hazlet was, were exempt from the act. N.J.S.A. 34:11-56.27. The township sewerage authority, however, is a "public body politic and corporate constituting a political subdivision of the State." N.J.S.A. 40:14B-20. It is not only an agency of the municipality but also an independent entity distinct and separate from the municipality, and thus is subject to the provisions of the act.
Plaintiff argues that the purpose of the Legislature in creating, removing, and then eliminating the exemption for certain municipalities was to increase gradually the Commissioner's *104 jurisdiction and consequently his workload. This purpose would be abrogated, plaintiff contends, if the exemption is construed to include only the municipalities themselves and not their agencies, since in 1963 only 19 municipalities had populations over 45,000 and in 1966 only 50 municipalities had populations over 25,000, while the agencies of the municipalities numbered in the thousands. Plaintiff also argues that to construe "municipality" to exclude municipal agencies produces an absurd result not intended by the Legislature since to do so would extend wage protection to workers if the contractor contracted with the municipal authority rather than the municipality itself.
We are not persuaded by plaintiff's argument. First, there is no evidence that the Legislature's purpose in creating, reducing, and then eliminating the exception for certain municipalities, was to increase gradually the Commissioner's jurisdiction. Second, municipal authorities are political subdivisions of the State distinct from the municipality. N.J.S.A. 40:14B-20; Broadway Nat'l, etc., Bayonne v. Bayonne Parking Auth., 40 N.J. 227, 233 (1963). Finally, and most importantly, the act declares that it is
... the public policy of this State to establish a prevailing wage level for workmen engaged in public works in order to safeguard their efficiency and general well being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to efficiency and well-being. [N.J.S.A. 34:11-56.25]
In interpreting a statute, primary regard must be given to the fundamental purpose for which the legislation is enacted. New Jersey Builders, Owners & Managers Ass'n v. Blair, 60 N.J. 330, 338 (1972). The purpose of the act to establish a prevailing wage level in order to safeguard the well being of workmen engaged in public works would be severely curtailed should the exception in N.J.S.A. 34:11-56.26(4) be construed as plaintiff urges.
The judgments appealed are affirmed. No costs.
NOTES
[1] A reaudit performed by the Commissioner after the action was instituted found arithmetical errors in the first audit and that the correct sum was $11,336.94.
[2] In 1972 the Township of Hazlet had a population of less than 25,000.