LASSER, P.J.T.C.
This is an action by New Jersey Dental Service Plan (hereinafter taxpayer) for refund of $40,607.36 of sales tax paid by it during the period January 28, 1981 to December 13, 1982. Taxpayer seeks an order vacating the Director’s determination of September 2, 1983 denying refund of sales tax paid prior to December 13, 1982.
The following facts were stipulated by the parties. Taxpayer was incorporated as a nonprofit corporation pursuant to N.J. S.A. 15:1-1 et seq. in July 1969 and has qualified as a dental service corporation in accordance with N.J.S.A. 17:48C-1 et seq. since May 13, 1970. Its qualification has remained unchanged to the present. As of December 31, Í982 taxpayer was the only organization that had qualified as a dental service organization under N.J.S.A. 17:48C-1 et seq. Since that date, one other *423 organization has been issued a certificate of authority as a dental service corporation.
On December 13, 1982 taxpayer submitted an application to the Director of the Division of Taxation pursuant to N.J.A.C. 18:24-2.14 seeking exemption from sales tax. Taxpayer sought tax exempt status on the basis that it is a tax-exempt corporation under § 501(c)(4) of the Internal Revenue Code, 26 U.S. C.A. 501(c)(4), and is incorporated under N.J.S.A. 17:48C-32, which provides that “every dental service corporation is hereby declared to be a charitable and benevolent institution, and its funds and property shall be exempt from taxation by the state or any political subdivision thereof.”
A letter dated December 14, 1982 from the Division of Taxation to taxpayer denied taxpayer exemption because it was not qualified for federal tax exemption under I.R.C. § 501(c)(3). Although taxpayer qualified for federal tax exemption under § 501(c)(4) of the Internal Revenue Code, it has been the general practice of the Division of Taxation to deny exemption to an organization which is not tax-exempt under I.R.C. § 501(c)(3). Upon further review by the Director, exempt status was granted to taxpayer on March 2, 1983 under N.J.S.A. 54:32B-1 et seq. effective December 13, 1982. The Division determined that the provisions of N.J.S.A. 54:32B-9(b)(l) applied to taxpayer because taxpayer, as a dental service corporation, was declared by the Legislature to be a charitable organization.
Taxpayer then filed a claim, pursuant to § 20 of the Sales and Use Tax Act, for refund of taxes paid by it between January 28, 1981 and December 13, 1982. Section 20 sets forth the procedure for obtaining refunds of sales tax erroneously, unconstitutionally or illegally collected by the State. The Division of Taxation denied taxpayer’s claim for refund of sales tax paid prior to December 13, 1982, the date of taxpayer’s application for exemption.
In addition to the foregoing facts, taxpayer has offered proof that on two occasions, one approximately ten years ago and one *424 in 1982, its telephone inquiries to the Division of Taxation as to the exempt status of a § 501(c)(4) corporation were answered in the negative.
Taxpayer makes three arguments. First, taxpayer contends that it is entitled to sales tax exemption as a matter of law because N.J.S.A. 17:48C-32 dovetails with N.J.S.A. 54:32B-9(b)(1). It is taxpayer’s position that the grant of tax exemption in Title 17 automatically exempted taxpayer from sales tax under N.J.S.A. 54:32B-9(b)(l). Taxpayer argues that the filing of a claim for refund thus automatically entitles it to a refund of sales taxes paid from January 1981 to December 1982. Taxpayer likens its position to that of a taxpayer who pays a sales tax and then seeks a refund on the ground that the sale was exempt from tax, for instance, under the catalyst exemption.
Taxpayer’s second argument is that N.J.A.C. 18:24-2.14 either does not apply to it or, if it does, is an invalid regulation inconsistent with the statute. Taxpayer was incorporated in 1969, prior to the adoption of the regulation and the requirements for filing applications under subparagraph A. From this fact, taxpayer argues that subjecting it to this regulation constitutes discrimination because organizations incorporated after July 31, 1973 had six months to file an application or until October 1, 1975, whichever was later, and upon qualification obtained exemption retroactive to the date of formation of the organization (a period of up to two years), but organizations formed prior to July 31, 1973 could obtain exemption only from the date of their application. Taxpayer argues further that the regulation is beyond the authority of the Director because the Sales and Use Tax Act does not authorize such a provision but requires compliance with “such requirements for obtaining tax immunity authorization as may be provided in this act.” N.J. S.A. 54:32B-9(d); emphasis supplied.
Taxpayer’s third contention is that it was misled by the Division of Taxation when, upon inquiry, it was twice advised that it would not be entitled to an exemption unless it was a *425 § 501(c)(3) corporation. Although taxpayer does not have the names of the persons spoken to or dates of the conversations, their responses to taxpayer’s inquiries are confirmed by the Director’s later denial of exemption on this ground. They are further confirmed by the Attorney General’s concession that the position of the Director at the time was that other than organizations specifically described (taxpayer not being one), only § 501(c)(3) corporations could be exempt under § 9(b)(1).
The Director contends that taxpayer is not entitled to sales tax exemption until it has made application for exemption and satisfied the Director that it qualifies for exemption. The Director points to N.J.S.A. 54:32B-9(d) which states that “any organization enumerated in subsection (b)(1) hereof shall not be entitled to the exemption herein granted unless it has complied with such requirements for obtaining a tax immunity authorization as may be provided in this act.” Pursuant to power granted in N.J.S.A. 54:32B-24(1), the Director has promulgated a regulation under N.J.S.A. 54:32B-9(b)(l). This regulation, N.J.A.C. 18:24-2.14, provides for an application for an exempt organization permit. This regulation states:
(a) Organizations which qualify for sales tax exemption under N.J.S.A. 54:32B-9(b)(l), forming after July 31, 1973, must file form ST-5B (Application for Exempt Organization Permit) within six months of formation or before October 1,1975, whichever is later, in order for the effective date of the exempt organization permit to be retroactive to the date of formation.
(b) If the organization for any reason was required to alter its activities or substantially amend its charter to qualify under N.J.S.A. 54:32B—9(b)(1), its exemption shall be effective only in accordance with subsection (a) of this Section.
(c) In all other instances the exemption, if the organization qualifies, shall be effective as of the date of application.
The Director contends that subparagraph (c) is applicable to taxpayer. He argues that taxpayer is not entitled to the exemption until it qualifies for exemption, that it cannot qualify until it files an application for exempt status, and that exemption, if granted, is effective only as of the date of the application. The mere fact that taxpayer relied on responses to telephone inquiries to the Division of Taxation and did not submit its application earlier, argues the Director, does not *426 entitle taxpayer to a refund of taxes paid during the period prior to its application. The Director argues further that administration of the Sales and Use Tax Act would be severely hampered if an organization qualifying under N.J.S.A. 17:48C were to be exempt from sales tax without first satisfying the Director that it qualified for the exemption.
Discussion
The Director of the Division of Taxation is required in N.J. S.A. 54:32B-20(a) to “refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid if application to the director for such refund shall be made within 2 years from the payment thereof.” The issue in this case is whether the sales tax paid by taxpayer between January 28, 1981 and December 13, 1982 was tax “erroneously” paid. The answer turns on whether taxpayer was exempt from sales tax on January 28, 1981.
The description of exempt organizations in section 9(b)(1) of the Sales and Use Tax Act reads, in pertinent part, as follows:
Except as otherwise provided in this section any sale ... by or to any of the following ... when such sale ... is directly related to the purposes for which the following have been organized, shall not be subject to the sales taxes imposed under this act:
Any corporation, trust or community chest, fund or foundation organized and operated exclusively for ... charitable ... purposes____
Section 9(d) of the Sales and Use Tax Act specifies that “any organization enumerated in subsection (b)(1) hereof shall not be entitled to the exemption herein granted unless it has complied with such requirement for obtaining a tax immunity authorization as may be provided in this act.” Emphasis supplied. Although the act itself does not specify the procedures for “tax immunity authorization,” the Director is granted general power in N.J.S.A. 54:32B-24 1 “[t]o make, adopt and amend rules and regulations appropriate to the carrying out of this act and the purposes thereof.” A review and certification procedure was contemplated by the Legislature. The Sales and Use Tax Act specifies in section 12(b) that “all receipts for property or services of any type mentioned in subsection (a), (b) and (c) of section 3 ... are subject to tax unless the contrary is estab *427 lished. Unless the ... purchaser prior to taking delivery, furnishes to the vendor any affidavit, statement or additional evidence, documentary or otherwise, which the director may require demonstrating that the purchaser is an exempt organization described in section 9(b)(1), the sale shall be deemed a taxable sale at retail.” N.J.S.A. 54:32B-12(b); emphasis supplied.
Pursuant to his general powers, the Director promulgated several regulations. “Within their allotted sphere, the rules and regulations of a state administrative agency, duly promulgated under properly delegated powers, have the force and effect of law.” State v. Atlantic City Electric Co., 23 N.J. 259, 270, 128 A.2d 881 (1957); see Lowden v. Bd. of Rev., Div. of Emp. Sec., 78 N.J.Super. 467, 189 A.2d 224 (App.Div.1963); Cammarata v. Essex Cty. Park Comm’n, 46 N.J.Super, 262, 134 A.2d 604 (App.Div.1957), aff’d 26 N.J. 404, 140 A.2d 397 (1957). N.J.A.C. 18:24-8.2 states that exemption is not based merely on nonprofit status; an organization must apply for exemption. Under N.J.A.C. 18:24-2.14(c), qualifying organizations, such as taxpayer, which were formed prior to July 31, 1973, can be granted exempt organization status effective as of the date of application. N.J.A. C. 18:24-5.2 defines “exempt” as “an organization which holds a valid exempt organization permit issued pursuant to the provisions of N.J.S.A. 54:32B-9(b).”
It is clear that the entire statutory scheme creates categories of potentially tax-exempt organizations which must comply with the procedures established by the Director to secure tax-exempt status. By virtue of the requirements of the regulations, which have the force of law, tax exemption under the Sales and Use Tax Act is not automatic.
The Legislature declared in § 32 of the Dental Service Corporation Act, N.J.S.A. 17:48C-1 et seq., that “every dental service corporation is hereby declared to be a charitable and benevolent institution, and its funds and property shall be exempt from taxation by the state or any political subdivision thereof.” Does this grant of a “charitable and benevolent” designation *428 and the grant of exemption from taxation of funds and property override the procedural requirements of the Sales and Use Tax Act? A comparison of the Sales and Use Tax Act with the Corporation Business Tax Act is useful.
For purposes of the Corporation Business Tax Act, nonprofit organizations and organizations incorporated under Titles 15, 16 or 17 are exempt from tax. N.J.S.A. 54:10A-3(e). The pertinent regulation, N.J.A. C. 18:7-1.12(a)(5), tracks the language of the statute and, like the statute, creates no filing, application or certification requirement.
It is evident that the Legislature intended exemption from the Sales and Use Tax Act to be subject to application, verification and certification, rather than self-executing or automatic. The declaration of charitable status in N.J.S.A. 17:48C-32 merely enables taxpayer to apply for a tax exempt permit under the provisions of the Sales and Use Tax Act. By comparison, taxpayer’s incorporation under Title 17 would enable it to be automatically exempt from taxation under the Corporation Business Tax Act, as that act does not require preliminary application and certification. It is notable that the New York Sales Tax Act, N.Y. Tax Law § 1116 (McKinney 1975), on which the New Jersey act is based, see N.J. Bell Telephone Co. v. Taxation Div. Director, 152 N.J.Super. 442, 378 A.2d 38 (App.Div.1977) (Horn, J.A.D., concurring); Middlesex Water Co. v. Taxation Div. Director, 181 N.J.Super. 338, 3 N.J.Tax 233, 240, 437 A.2d 368 (Tax Ct.1981), lacks a provision comparable to N.J.S.A. 54:32B-9(d). One can infer that § 9(d) was intentionally inserted by our Legislature. The Legislature is presumed not to include meaningless language in a statute. Central Construction Co. v. Horn, 179 N.J.Super. 95, 430 A.2d 939 (App.Div.1981).
In addition, the exemption in N.J.S.A. 17:48C-32 of taxpayer’s “funds and property” does not exempt taxpayer from the sales tax, an excise tax. See 1 A.L.R.2d 465, which discusses cases that held that a sales tax exemption is not created by tax exemption provisions in other statutes.
*429 Taxpayer failed to apply for a tax-exempt permit under the Sales and Use Tax Act until December 13, 1982. Consequently, taxpayer was not “exempt” from sales tax prior to that date, in spite of its being a charitable organization as declared in the Dental Service Corporation Act. Since taxpayer was not exempt prior to December 13, 1982, sales taxes paid prior to that date were not “erroneously” paid, and taxpayer is not entitled to the refund of taxes paid prior to December 13, 1982.
Taxpayer’s other two arguments merit but brief comment. As far as the validity of N.J.A.C. 18:24-2.14 is concerned, it is a cardinal principle that “[a]dministrative agencies have wide discretion in selecting the means to fulfill the duties that the Legislature delegated to them.” Texter v. Dep’t of Human Services, 88 N.J. 376, 383, 443 A.2d 178 (1982). “On review, courts presume that an administrative regulation is valid. The burden is on the challenger to demonstrate that the regulation is arbitrary, capricious or unreasonable.” Dougherty v. Human Services Dep’t, 91 N.J. 1, 6, 449 A.2d 1235 (1982); New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 562-563, 384 A.2d 795; Cole Nat. Corp. v. State Board of Examiners, 57 N.J. 227, 231, 271 A.2d 421 (1970).
“In determining whether a particular administrative act enjoys statutory authorization, the reviewing court may look beyond the specific terms of the enabling act to the statutory policy sought to be achieved by examining the entire statute in light of its surroundings and objectives.” N.J. Guild of Hearing Aid Dispensers, supra, 75 N.J. at 562, 384 A.2d 795.
The regulation granting tax-exempt status to taxpayer effective the date of application is consistent with the Sales and Use Tax Act in that it creates the mechanism for the tax-exempt certification referred to in N.J.S.A. 54:32B-9(d) and -12(b). Taxpayer’s complaint that the regulation discriminates against organizations founded prior to July 31, 1973 is not well taken inasmuch as taxpayer never sought exemption certification *430 between 1973 and 1975 and never challenged the regulation during its phase-in period.
 Taxpayer also claims that the Director is estopped from denying it retroactive exemption. The information provided to taxpayer in 1975 and 1982 by Division of Taxation personnel does not estop the Director from denying taxpayer exemption retroactive to January 28, 1981. First, the Director claims that his personnel were not informed by taxpayer in those telephone conversations that taxpayer was incorporated under the Dental Service Corporation Act and that taxpayer was relying on the declaration in that act that it was a charitable and benevolent institution. Second, Division personnel apparently were following general department policy of initially denying exemption to organizations which were not exempt under I.R.C. § 501(c)(3). Estoppel is not lightly invoked against the government, Summer Cottagers’ Ass’n of Cape May v. Cape May City, 19 N.J. 493, 505, (1955), particularly where statements by government agents on which taxpayer relied were not official statements or final determinations. Cf. Airwork Ser. Div., etc. v. Taxation Div. Director, 97 N.J. 290, 296-299, 478 A.2d 729 (1984). Third, taxpayer is a professional, incorporated organization. When its initial telephone inquiries to the Division of Taxation regarding tax exemption were answered in the negative, it did nothing to ascertain the correctness of the Division’s answer or seek professional advice, and did not pursue the matter further with the Division. Taxpayer’s reliance on the Division’s telephonic answer was not reasonable under the circumstances, and absent reasonable reliance, there can be no estoppel. Ibid. Taxpayer has not shown that, in the particular circumstances of this case, an estoppel should be applied against the Director. See Armstrong v. Taxation Div. Director, 5 N.J.Tax 117 (Tax Ct.1983), aff’d 6 N.J.Tax 447 (App.Div.1983).
Taxpayer’s request for refund is denied, and the Clerk of the Tax Court is directed to enter judgment dismissing taxpayer’s complaint.