NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4452-18T3

STATE OF NEW JERSEY,
by the COMMISSIONER OF
TRANSPORTATION,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

ST. MARY'S CHURCH
GLOUCESTER, a New Jersey
Religious Corporation; THE
DIOCESE OF CAMDEN, NEW
JERSEY, a New Jersey Religious
Corporation, Trustee;

      Defendants-Respondents/
      Cross-Appellants,

and

BOROUGH OF BELLMAWR, in
the County of Camden, a Municipal
Corporation of New Jersey,

      Defendant.

_____

> **APPROVED FOR PUBLICATION**
> **August 14, 2020**
> **APPELLATE DIVISION**

Argued telephonically May 7, 2020 –
Decided August 14, 2020

Before Judges Alvarez, Suter, and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3076-10.

Matthew R. Weiss, Deputy Attorney General argued the cause for appellant/cross-respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Matthew R. Weiss, of counsel and on the briefs).

Drew K. Kapur argued the cause for respondents/cross-appellants (Duane Morris LLP, attorneys; Drew K. Kapur, of counsel and on the briefs).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Plaintiff State of New Jersey, by the Commissioner of Transportation (Commissioner), appeals from the May 3, 2019 order of the Law Division awarding six percent interest pursuant to N.J.S.A. 27:7-22 on an award of just compensation to defendants St. Mary's Church Gloucester and the Diocese of Camden, N.J. (collectively St. Mary's) for the condemnation of St. Mary's property. St. Mary's cross-appeals from the May 3, 2019 order, arguing the trial court erred by awarding simple, rather than compound, interest. We reverse and remand.

I.

The facts are undisputed. The Commissioner condemned property owned by St. Mary's for use in a highway construction project in Camden County.

2

Pursuant to a trial court order, the Commissioner deposited $1,865,000 into the Superior Court trust fund as estimated compensation for the taking. St. Mary's subsequently withdrew those funds. A jury thereafter awarded St. Mary's just compensation of $2,960,000. The verdict left a balance due to St. Mary's of $1,095,000, with interest.

The parties disputed the amount of interest due on the balance of the just compensation award. The Commissioner submitted a proposed order awarding pre-judgment interest of 3.5%, which reflects 1.5% interest plus 2% per annum in accordance with Rule 4:42-11(a)(iii), and post-judgment interest in annual rates ranging from 2.25% to 3.5%, also in accordance with Rule 4:42-11(a)(iii). The Commissioner argued that N.J.S.A. 20:3-32 vests in the trial court broad discretion to set an interest rate on awards of just compensation and relied on Rule 4:42-11(a)(iii) as a guideline for the exercise of the court's discretion.

St. Mary's, on the other hand, submitted a proposed order awarding it pre-judgment and post-judgment interest of six percent per annum. St. Mary's argued that six percent interest per annum is mandated by N.J.S.A. 27:7-22 on all awards of just compensation for the condemnation of property by the Commissioner. The Commissioner countered that N.J.S.A. 27:7-22 was

impliedly repealed by N.J.S.A. 20:3-50, leaving N.J.S.A. 20:3-32 as the controlling statute.

The trial court issued an oral opinion finding that N.J.S.A. 20:3-50 did not impliedly repeal N.J.S.A. 27:7-22. The court concluded it was bound by N.J.S.A. 27:7-22 to award interest of six percent per annum to St. Mary's. The court explained,

> [s]o the statute is clear and unambiguous as to this point. In the times we live in, this may be a high interest rate and something for the Legislature to look at, but the Court certainly does not rewrite legislation.
>
> . . . .
>
> And, though, I may have a personal decision as to the rate of the interest and it being high for our times, I don't have the authority. . . . [I]t's clear on its face a [six] percent interest may be imposed.

With respect to whether the interest should be compound or simple, the court held that N.J.S.A. 27:7-22 "itself says 'per annum' . . . which is typically looked at as a simple interest calculation." The court noted that it would have had discretion to determine whether to award simple or compound interest had it been making a decision pursuant to N.J.S.A. 20:3-32 but that it had previously determined that statute does not apply. On May 3, 2019, the court entered an order memorializing its decision.

4

This appeal and cross-appeal followed. The Commissioner makes the following arguments for our consideration.

> THE TRIAL COURT ERRED IN DETERMINING THAT IT WAS BOUND BY THE [SIX PERCENT] INTEREST RATE IN N.J.S.A. 27:7-22.
>
> A. THE EMINENT DOMAIN ACT OF 1971 REQUIRES THE TRIAL COURT TO SET A PRE- AND POST-JUDGMENT INTEREST RATE WHEN THE PARTIES DISPUTE THE RATE.
>
> B. THE TRIAL COURT ERRED IN CONSIDERING ITSELF BOUND BY N.J.S.A. 27:7-22 BECAUSE THE EMINENT DOMAIN ACT OF 1971 REPEALED THE PORTION OF N.J.S.A. 27:7-22 WHICH SETS A FIXED [SIX PERCENT] INTEREST RATE.

On the cross-appeal, St. Mary's makes the following argument.

> THE TRIAL COURT ERRED IN AWARDING DEFENDANTS ONLY SIMPLE INTEREST, AS COMPOUND INTEREST IS A CONSTITUTIONAL ELEMENT OF JUST COMPENSATION NECESSARY TO MAKE CONDEMNEES WHOLE.

## II.

On appeal, issues of statutory interpretation, considered questions of law, are reviewed de novo. In re Liquidation of Integrity Ins. Co., 193 N.J. 86, 94 (2007) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549

A-4452-18T3

(2002)).  Our analysis necessarily begins with the text of the statutory provisions at issue.

N.J.S.A. 27:7-22 vests in the Commissioner the authority to acquire land through "condemnation in the manner provided in chapter 1 of the Title Eminent Domain (§ 20:1-1 et seq.), except as otherwise provided by this section."  An exception appears later in the statute:

> If the amount of the award as finally determined by the court shall exceed the amount . . . deposited [into court], the person or persons to whom the award is payable shall be entitled to recover from the department the difference between the amount of the deposit and the amount of the award, with interest at the rate of [six percent] per annum thereon from the date of the making of the deposit.
>
> [N.J.S.A. 27:7-22.]

The subsequently enacted Eminent Domain Act of 1971 (the Act), on the other hand, provides that

> [w]henever any condemnor shall have determined to acquire property pursuant to law . . .  the condemnation of such property and the compensation to be paid therefor[,] . . . and all matters incidental thereto and arising therefrom shall be governed, ascertained and paid by and in the manner provided in this act . . . .
>
> [N.J.S.A. 20:3-6.]

A-4452-18T3

Another provision of the Act states that "[i]nterest as set by the court upon the amount of compensation determined to be payable hereunder shall be paid by the condemnor . . . ." N.J.S.A. 20:3-31. In addition, the Act provides "[u]nless agreed upon by the parties, the amount of such interest shall be fixed and determined by the court in a summary manner after final determination of compensation . . . ." N.J.S.A. 20:3-32. This statute vests broad discretion in the court to set an interest rate. Borough of Saddle River v. 66 E. Allendale, LLC, 424 N.J. Super. 516, 540 (App. Div. 2012), rev'd on other grounds, 216 N.J. 115 (2013). Setting an interest rate under this provision may require "a hearing . . . during which expert evidence as to prevailing commercial and legal rates of interest" is presented. Twp. of Wayne v. Cassalty, 137 N.J. Super. 464, 474 (App. Div. 1975); accord Casino Reinvestment Dev. Auth. v. Hauck, 317 N.J. Super. 584, 594 (App. Div. 1999).

According to N.J.S.A. 20:3-50, another provision of the Act,

> [a]ll acts and parts of acts inconsistent with any of the provisions of this act are, to the extent of such inconsistency, hereby repealed. This act shall apply to every agency, authority, company, utility or any other entity having the power of eminent domain exercisable within the State of New Jersey except as exempted in section 49 of this act.

Section 49 of the Act exempts "bodies organized and administered as a result of or under compacts between States." N.J.S.A. 20:3-49. The Department of Transportation does not fall within the N.J.S.A. 20:3-49 exemption.

We are, therefore, presented with conflicting statutes: N.J.S.A. 27:7-22, which provides that the Commissioner must comply with the Act, except with respect to the award of a statutory six percent per annum rate of interest on awards of just compensation; and the subsequently enacted N.J.S.A. 20:3-50, which provides that the Act, which includes a provision vesting the courts with discretion to set an interest rate on awards of just compensation, applies to all entities with the authority to condemn property in the State and repeals all inconsistent statutory provisions. We uncovered no precedential authority addressing the issue before the court.[1]

---

[1] The two opinions on which St. Mary's relies are not precedential. In Cassalty, we examined interest under the then-newly enacted N.J.S.A. 20:3-32 in the context of a condemnation by a municipality, not the Commissioner. 137 N.J. Super. at 471-72. We stated the statute does not "explicitly set forth the rate of interest allowable on condemnation awards, although N.J.S.A. 27:7-22[,] the provision dealing with condemnation for highway purposes, continues to specify a [six percent] [r]ate of interest in highway condemnation cases." Id. at 472 This statement is dictum, given that it is "not necessary to the decision then being made . . . ." Jamouneau v. Div. of Tax Appeals, 2 N.J. 325, 332 (1949). The holding in State, by Commissioner of Transportation v. Pia Star Realty Co., 118 N.J. Super. 55 (Law Div. 1971), that N.J.S.A. 27:7-22 requires six-percent interest was decided one day prior to the enactment of the Act.

A-4452-18T3

It is well settled that the primary purpose of "statutory interpretation is to determine and 'effectuate the Legislature's intent.'" State v. Rivastineo, 447 N.J. Super. 526, 529 (App. Div. 2016) (quoting State v. Shelley, 205 N.J. 320, 323 (2011)). We start by considering "the plain 'language of the statute, giving the terms used therein their ordinary and accepted meaning.'" Ibid. (quoting Shelley, 205 N.J. at 323). Where "the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." Ibid. (quoting Shelley, 205 N.J. at 323). We do "not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" Id. at 529-30 (alteration in original) (quoting Marino v. Marino, 200 N.J. 315, 329 (2009)). However, "[a]n enactment that is part of a larger statutory framework should not be read in isolation, but in relation to other constituent parts so that a sensible meaning may be given to the whole of the legislative scheme." Vitale v. Schering-Plough Corp., 447 N.J. Super. 98, 115 (App. Div. 2016) (quoting Wilson ex rel Manzano v. City of Jersey City, 209 N.J. 558, 572 (2012)).

We cannot rely solely on the plain language of the statutes because their provisions, when given their ordinary meanings, express conflicting mandates.

A-4452-18T3

The Commissioner argues that N.J.S.A. 20:3-50 impliedly repealed N.J.S.A. 27:7-22, which existed at the time N.J.S.A. 20:3-50 was enacted and was in conflict with that statute. St. Mary's argues that N.J.S.A. 27:7-22 plainly applies here because it expressly exempts the Commissioner from the interest provision of the Act, existed when N.J.S.A. 20:3-50 was enacted, and was not expressly repealed. We conclude the Commissioner's interpretation of N.J.S.A. 20:3-50 best aligns with the Legislature's intent and comports with the Act's overall structure.

A general repealer, as opposed to a statute that expressly names a statute that is being repealed, "predicate[s] repeal upon the condition of a substantial conflict between the act and prior statutes." Central Constr. Co. v. Horn, 179 N.J. Super. 95, 100-01 (App. Div. 1981). To determine which statutes or parts of statutes a general repealer is intended to repeal, we look to legislative intent. See Mahr v. State, 12 N.J. Super. 253, 261 (App. Div. 1951) (citing French v. Bd. of Comm'rs, 136 N.J.L. 57 (Sup. Ct. 1947)).

> [W]here the intention to effectuate a repeal is clear and compelling; where there is a clear repugnancy between the two acts, or a manifest intention to cover the same subject matter by way of revision; or where, considering the specific provision in relation to the general object of a statute, the purpose to repeal prior legislation is revealed, it is the judicial function to effectuate it.

A-4452-18T3

[Id. at 261 (internal citations omitted).]

Each of these factors militate toward a conclusion that N.J.S.A. 20:3-50 repealed the interest provision of N.J.S.A. 27:7-22. Our Supreme Court has held that the Legislature's primary purpose when enacting the Act was "to make uniform the legal requirements for all entities and agencies having the power to condemn." Cty. of Monmouth v. Wissell, 68 N.J. 35, 43 (1975). This intention is evident in N.J.S.A. 20:3-50, which provides that the Act applies "to every agency, authority, company, utility or any other entity having the power of eminent domain," with a limited exception not applicable here. This demonstrates an intention by the Legislature to cover the same subject addressed in N.J.S.A. 27:7-22 and to establish uniformity in condemnation.

In addition, it is clear that N.J.S.A. 20:3-32 and N.J.S.A. 27:7-22 are repugnant to each other. One provision establishes a statutory rate of interest in the circumstances before the court. The other vests in the trial court the discretion to set a rate of interest in the same circumstances. Given the Legislature's intent to create uniformity, the newer statute should supersede the prior one because the earlier law is "so clearly in conflict . . . that the two cannot stand together reasonably . . . ." See Dep't of Labor and Indus. v. Cruz, 45 N.J. 372, 380 (1965).

A-4452-18T3

Significantly, the legislative history of the Act reveals that the Legislature considered adopting a six-percent fixed interest rate for all condemnations but rejected that approach. An early version of the legislation that ultimately became the Act included a fixed rate of interest that mirrored that in N.J.S.A. 27:7-22. Amendments to the proposed legislation removed the fixed interest rate provision, replacing it with N.J.S.A. 20:3-32. This, along with the implied repealer in N.J.S.A. 20:3-50, is evidence the Legislature intended uniformity in condemnation to include interest rates set through the exercise of judicial discretion.

St. Mary's argues that N.J.S.A. 27:7-22, the more specific provision, given its application only to the Commissioner, should control over the generally applicable provisions of N.J.S.A. 20:3-32. See Zoning Bd. of Adjustment v. Serv. Elec. Cable Television, Inc., 198 N.J. Super. 370, 381 (App. Div. 1985). This argument would be more persuasive if St. Mary's had identified a reasonable basis for requiring the Commissioner to pay a fixed rate of interest on just compensation awards while vesting the courts with authority to set an interest rate for condemnations by all other State agencies. St. Mary's has offered no justification, and we can identify none, for treating owners whose property has been condemned by the Commissioner differently from those

12

whose property has been condemned by other State entities. While the trial court in this instance viewed the six-percent rate in N.J.S.A. 27:7-22 as too high for present conditions, adhering to N.J.S.A. 27:7-22 could, in other circumstances, result in the property owner receiving less interest than would be awarded under N.J.S.A. 20:3-32.

Therefore, the trial court erred in determining that N.J.S.A. 27:7-22 mandated six percent interest on St. Mary's just compensation award. The fixed-interest provision of that statute was impliedly repealed by N.J.S.A. 20:3-50. We reverse the May 3, 2019 order and remand for the trial court to determine an interest rate on St. Mary's just compensation pursuant to N.J.S.A. 20:3-32.

Because the trial court concluded a simple rate of interest was mandated by N.J.S.A. 27:7-22, we also reverse that aspect of the May 3, 2019 order. We leave to the trial court, in the first instance, to determine whether to award simple or compound interest and to address St. Mary's constitutional arguments. We agree with St. Mary's suggestion that the matter be assigned to a different judge on remand, given the trial court's observations that it had formed an opinion as to the amount of interest to award had it had the discretion to do so and that a six percent rate was too high for current conditions.

A-4452-18T3

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION