214 N.J. Super. 568 (1987)
520 A.2d 788
COUNTY OF ESSEX, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
CITY OF EAST ORANGE, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Decided January 9, 1987.
*569 Before Judges MORTON I. GREENBERG, R.S. COHEN and GRUCCIO.
Robert F. Giancaterino argued the cause for appellant (Skoloff & Wolfe, attorneys; Saul A. Wolfe, of counsel; Robert Giancaterino, on the brief).
Norman Schulaner, Assistant Essex County Counsel, argued the cause for respondent (David H. Ben-Asher, Essex County Counsel, attorney; Norman Schulaner, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
This appeal involves a claim for exemption from real estate taxes by Essex County for three years, 1982, 1983 and 1984, for a property it owns at 15 South Munn Avenue in the City of East Orange. The extraordinary procedural history of this case must be set forth at length for an understanding of the issues *570 raised. The County contends that the property, a single structure leased in part to private nongovernmental tenants, was used for public purposes and thus it sought an exemption from taxation under N.J.S.A. 54:4-3.3. The City rejected this claim. Ultimately, the Tax Court ruled that the property should be apportioned between its public and private uses and taxed to the extent that it is privately used. The parties were able to stipulate to an apportionment without prejudice to the fundamental position of the County that the entire property should be exempt and of the City that there should be no exemption. These cross-appeals followed.
The original complaint was filed by the County in the Tax Court on August 12, 1982. On September 16, 1982 the City filed a motion to dismiss the complaint under N.J.S.A. 54:2-39[1] as the County had not paid any taxes for 1982. N.J.S.A. 54:2-39 provides that when a complaint is filed in the Tax Court all taxes for the year for which review is sought must have been paid. As the 1982 taxes had not been paid, Judge Hopkins granted this motion and on October 14, 1982 signed an order dismissing the complaint.
On November 1, 1982 the County filed a complaint in lieu of prerogative writs in the Superior Court seeking a judgment requiring the City to classify the property as exempt public property, thus cancelling the assessment against it. This action was assigned to Judge Hopkins for disposition. Subsequently, as the basic facts were not in dispute that the County used part of the building itself and rented part to Fidelity Union Bancorporation and part to the Turrell Fund, a charitable organization, the parties moved for summary judgment. Thereafter, on June 17, 1983 in the face of the City's threat to foreclose, the County paid the delinquent taxes.
*571 In a written, but unreported, opinion of March 19, 1984 Judge Hopkins held that the Superior Court did not have jurisdiction as the County's complaint sought relief available only in the Tax Court. Rather than dismiss the case, however, he transferred it to the Tax Court and ordered that it be treated as a request for a reconsideration of the prior dismissal by that court. He explained his decision as follows:
While the subject complaint can be dismissed as it was brought in the wrong forum, the matter can also be transferred to the Tax Court pursuant to R. 1:13-4. However, it has previously been the subject of a complaint in that court and that body dismissed the matter as the taxes were not paid at the time the complaint was filed. In so acting, the Tax Court was then applying N.J.S.A. 54:2-39 to direct appeals to the Tax Court. Since then, the case of Powder Mill Mill I Associates v. Hamilton Tp., 190 N.J. Super. 63 (App.Div. 1983) has held that N.J.S.A. 54:3-27 should apply to direct appeals. The subject complaint was filed one week prior to the entry of the Tax Court judgment. Accordingly, it will be treated as a motion for reconsideration of the Tax Court judgment and pursuant to R. 1:13-4, transferred to the Tax Court for its consideration.
The judge referred to our Powder Mill decision as we there held that the failure to pay taxes before a direct appeal to the Tax Court would not deprive that court of jurisdiction to entertain a tax appeal. Further, while the taxpayer was obliged to pay taxes as provided in N.J.S.A. 54:3-27, if the municipality moved to dismiss the appeal because the taxes were not paid the taxpayer could then pay them, thus curing its default.
Following the transfer to the Tax Court, Judge Hopkins on May 7, 1984 set aside the October 14, 1982 order dismissing the complaint and then denied the City's original motion to dismiss the complaint. Subsequently, the County filed a motion seeking a determination of the scope of the transferred action or seeking to amend or supplement its complaint to include a claim for exemption for 1983 as it had not filed a separate tax appeal for that year. On June 29, 1984 Judge Hopkins in a written, but unreported, opinion ruled that the County's complaint would encompass both the 1982 and the 1983 tax assessments. He reasoned that:

*572 Since the complaint in lieu of prerogative writs was transferred to this court to be treated by this court as a motion for reconsideration of the judgment dismissing the Tax Court action and, since the order transferring it to this court was signed subsequent to the time within which the County could file a complaint alleging error with respect to the 1983 tax year, and, further, since the County properly assumed that such issue was being presented to the Superior Court in view of its request for declaratory judgment, it is consistent with the transfer by the Superior Court of the matter that such transfer encompass the claim for an exemption for 1983 as well as for 1982.
Thus, an order was entered on July 6, 1984 that the complaint encompassed the assessments for the 1982 and 1983 tax years, but not the 1984 tax year. On July 7, 1984 the County filed a separate complaint in the Tax Court challenging the 1984 tax assessment against the property and again seeking an exemption under N.J.S.A. 54:4-3.3. The two actions were then consolidated.
On March 19, 1985 Judge Hopkins issued a written opinion reported at 7 N.J. Tax 346 deciding the substantive issues. He ruled that "the subject property is entitled to an apportioned exemption for each year to the extent it was not leased to private entities." Id. at 354. Thereafter, the parties agreed upon an allocation of the exempt portion of the property and, on the basis of this stipulation, a judgment was entered August 1, 1985 that of the $825,000 assessment for the three years, $625,000 was exempt and $200,000 was non-exempt. Both parties have appealed from that judgment, the City seeking to tax the entire property and the County asking for total exemption.
The facts in the case are not in dispute and as they are set forth by Judge Hopkins at 7 N.J. Tax at 348-349 we do not repeat them. Essentially, this is simply a case of a county owned building being used for both public and private purposes.
The initial issue raised by the City on this appeal is whether the Tax Court should have used the transferred action in lieu of prerogative writs as a vehicle to reconsider its order to dismiss the original complaint and, if so, whether the court should have adhered to its initial decision. Inasmuch as we are *573 satisfied that the order for dismissal was correct, we do not decide the procedural question raised by the judge's treatment of the transferred action.
Ordinarily appeals from assessments are taken to the county board of taxation with any subsequent appeals taken to the Tax Court. N.J.S.A. 54:3-21, however, provides that tax appeals may be taken directly to the Tax Court if the assessed valuation of the property subject to the appeal exceeds $750,000. The City brought its original motion to dismiss under N.J.S.A. 54:2-39 which provided at the time of the filing of the Tax Court complaint that "all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid." When the motion was granted the judge ruled in conformity with the Tax Court's interpretation applying N.J.S.A. 54:2-39 to appeals to the Tax Court from both county boards of taxation and directly from assessments. See Powder Mill I Associates v. Hamilton Tp., 3 N.J. Tax 439 (1981). Thus, inasmuch as compliance with N.J.S.A. 54:2-39 was jurisdictional, a taxpayer's failure to pay the taxes before the complaint was filed required a dismissal of the action.
While the action in lieu of prerogative writs was pending, we held in Powder Mill I Assoc. v. Hamilton Tp., 190 N.J. Super. 63 (App.Div. 1983), that on direct appeals to the Tax Court as well as in appeals to the county tax boards, the obligation to pay taxes is found in N.J.S.A. 54:3-27 rather than N.J.S.A. 54:2-39. N.J.S.A. 54:3-27 provides that a taxpayer who appeals from an assessment shall pay no less than the first three quarters of the taxes assessed against him for the current tax year even though he seeks a reduction in excess of one quarter of the taxes assessed for the full year.
Inasmuch as N.J.S.A. 54:3-27 was held to apply to direct appeals to the Tax Court, Lecross Associates v. City Partners, 168 N.J. Super. 96 (App.Div. 1979), certif. den. 81 N.J. 294 (1979), is applicable to such appeals as well. In Lecross we held that if a taxpayer appealed to a county board without paying the taxes *574 required by N.J.S.A. 54:3-27, the board would nevertheless have jurisdiction to entertain the appeal as N.J.S.A. 54:3-27 did not indicate when the taxes had to be paid. Accordingly, the requirement to pay taxes in N.J.S.A. 54:3-27 could be enforced only if the municipality sought to enforce it by bringing a motion to dismiss the tax appeal or taking other action to crystallize the taxpayer's obligation to pay taxes. A motion to dismiss would be denied, however, if the taxpayer paid the required taxes prior to it being heard. See Powder Mill I Associates v. Hamilton Tp., supra, 190 N.J. Super. at 66. See also Stewart v. Hamilton Tp., 7 N.J. Tax 368, 378 (Tax Ct. 1985).
Here the City did make a motion to dismiss because of the County's failure to pay the taxes. While the City's motion referred to N.J.S.A. 54:2-39 rather than N.J.S.A. 54:3-27, the basis of the City's objection was clear: the County should not be permitted as a delinquent taxpayer to prosecute its appeal. Nevertheless, the County did not pay the taxes. Accordingly, while the judge relied on what was later determined to be the wrong section in dismissing the complaint, there is no doubt that his action was correct. Thus, the 1982 complaint should not have been reinstated.
At oral argument before us, the County contended that inasmuch as the City relied on N.J.S.A. 54:2-39 in seeking the dismissal, the County was somehow precluded from paying the taxes after the motion to dismiss was filed. We are quite unable to understand why this is so. While it is true that if that section had been applicable, payment of the taxes in response to the motion would not have saved the 1982 appeal, nevertheless the taxes could have been paid at anytime prior to foreclosure. Further, the County should have recognized that unless it could ultimately obtain an exemption, it would be required to pay the taxes. Thus the County can hardly rely on the City's citation of N.J.S.A. 54:2-39 as somehow misleading it and justifying its failure to pay.
*575 In seeking to avoid the consequence of its nonpayment, the County cites County of Bergen v. Borough of Paramus, 79 N.J. 302 (1979), an appeal in an action in lieu of prerogative writs. The County points out that in that case, the trial court enjoined a tax sale pending resolution of Bergen County's claim for exemption and the Supreme Court did not modify the restraint when it remanded the matter to the county tax board for a plenary hearing. The County reasons from this that there is a policy permitting a public agency to appeal in an exemption claim case without paying taxes.
County of Bergen v. Borough of Paramus establishes no such policy. In the first place, there is no indication in the opinion that the municipality ever sought to vacate the restraint which was issued ex parte. Id. at 304. More significantly the Supreme Court, though agreeing to address the substantive issues because of the public importance of the case, stated that the Superior Court action was improper. It announced:

N.J.S.A. 54:3-21 provides that an aggrieved taxpayer may file a petition of appeal from a municipal tax assessment with the county board of taxation. A taxpayer who claims an exemption from an assessment falls within the category of an aggrieved taxpayer. As such, an appeal asserting that an exemption has been wrongfully denied should be filed with the county board of taxation. See Boys' Club of Clifton, Inc. v. Tp. of Jefferson, 72 N.J. 389, 405 (1977); N.J. Turnpike Auth. v. Tp. of Washington, 16 N.J. 38, 41 (1954). This procedure, concordant with principles of exhausting administrative remedies, should have been followed here. [79 N.J. at 305-306]
Thus, the Supreme Court made it perfectly clear that a taxpayer seeking an exemption could obtain a review only by filing a conventional tax appeal which, of course, would require the payment of taxes, albeit under N.J.S.A. 54:3-27 rather than N.J.S.A. 54:2-39. Therefore, County of Bergen v. Borough of Paramus stands for the exact opposite policy from that advanced by the County.
The next issue raised in this appeal is the City's contention that the Tax Court had no jurisdiction over the 1983 taxes as the County never appealed from the assessments for that year as required by N.J.S.A. 54:3-21. The City asserts that the *576 Superior Court complaint filed in 1982 could not have included a claim for exemption for 1983 as the assessment for that year had not even been made when the complaint was filed. The County responds by arguing that it sought a declaratory judgment that the property was exempt from taxation and accordingly the City had notice the County was seeking an exemption for 1983. The judge agreed with the County and thus excused the County's failure to appeal in 1983.
There is, of course, support for the liberal approach followed by Judge Hopkins. Unquestionably it is the policy of our courts to decide cases on the merits. Further, R. 1:13-4 provides that a court without jurisdiction should transfer a case to the proper court or agency. We have no doubt that if the County had appealed its 1983 taxes by filing an action in lieu of prerogative writs rather than an appeal to the county board or Tax Court, but otherwise complied with N.J.S.A. 54:3-21, a transfer would have been entirely appropriate.
The issue here, however, is not the propriety of the transfer. Rather we are concerned with a determination of what was transferred. We are satisfied that the transferred complaint could not include an appeal from the 1983 taxes. Each annual assessment of property is separate from the assessment for the previous or subsequent year. Aetna Life Insurance Co. v. City of Newark, 10 N.J. 99, 103 (1952); Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 162 (1949). Thus, while a property might be exempt in one year a change in its use could result in a loss of the exemption. Accordingly, a declaratory judgment that a property is exempt could not automatically be applied prospectively as the use of the property would have to be monitored to ensure there was no material change forfeiting the exemption. Therefore, there should be separate actions for each year for which a claim of exemption is disputed.[2] In this case there was no appeal for 1983.
*577 The Supreme Court has strongly emphasized the requirement for separate annual appeals in tax cases. Thus, in Boys' Club of Clifton, Inc. v. Township Jefferson, 72 N.J. 389 (1977), the Supreme Court stated that a taxpayer which received an exemption for 1971 and 1972 should have separately appealed in 1973 and 1974 to obtain an exemption for those years. Id. at 405. While the court excused the taxpayer's failure to appeal as it had relied on earlier decisions indicating the separate appeals were not needed, the thrust of the decision was clear.
We also point out that the right to file a tax appeal is statutory, General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 127 (1980). Thus, the Superior Court does not entertain tax appeals pursuant to its jurisdiction in actions in lieu of prerogative writs. See County of Bergen v. Borough of Paramus, supra, 79 N.J. at 305. We do not think that the County was entitled to have its improper complaint in the Law Division expanded upon by a broad reading to include a year not in issue when it was filed. Accordingly, we hold that the 1983 claim for exemption was not properly before the court.
The final issue for our determination is whether the County was entitled to a total or partial exemption from the 1984 taxes. The County properly appealed the taxes for that year and the City concedes that there is no procedural bar to adjudication of its claim for exemption. On this point, the City argues that under N.J.S.A. 54:4-3.3 a property may not be partially exempt and the partial private use of the property entirely precludes its exemption. The County contends that notwithstanding the private use, the property is totally exempt or, alternatively, the assessment should be apportioned. It also asserts that the portion of the property leased to the private entities is taxable to those entities under N.J.S.A. 54:4-2.3 dealing with assessments on leasehold interests.
While Judge Hopkins' approach may be equitable, we agree with the City that there is no statutory basis for the apportionment. In Ocean Cty. v. Dover Tp., 3 N.J. Tax 434 (Tax Ct. *578 1981), Judge Rimm held that there could be no apportionment for assessment purposes between the publicly and privately used portions of a county building where, as here, the claim for exemption was under N.J.S.A. 54:4-3.3. As Judge Rimm indicated: "When there is to be an apportionment, the Legislature has specifically provided for it." 3 N.J. Tax at 438. In this regard Judge Rimm cited N.J.S.A. 54:4-3.6 which provides that if any portion of buildings used for colleges, schools, academies or seminaries is leased to profit-making organizations the leased portion shall be taxed and the remaining portion shall be exempt. Other statutes providing for apportionment include N.J.S.A. 54:4-3.6e (leased school property) and N.J.S.A. 40:37A-83 (privately used property of a county improvement authority). From these specific provisions we infer a legislative intention that there be no apportionment when an exemption is claimed under N.J.S.A. 54:4-3.3 as that section does not authorize apportionment.
The final issue for determination is whether the property should be totally exempt or totally taxed. We are satisfied that it must be totally taxed. We recognize, of course, that N.J.S.A. 54:4-3.3 does not specify that the property be "exclusively" used for public purposes as is sometimes provided in exemption statutes. See, e.g., N.J.S.A. 54:4-3.6. Nevertheless, it seems clear that the use must be exclusive for there to be an exemption as otherwise property not used for public purposes will be exempt, a result not allowable under N.J.S.A. 54:4-3.3. See Jamouneau v. Division of Tax Appeals, 2 N.J. 325 (1949).[3]
The County seeks to avoid this result by urging that the entire building be exempted but the leasehold interests be assessed under N.J.S.A. 54:4-2.3. As Judge Hopkins indicated, *579 however, that section is intended to apply in cases in which the ownership of the property regardless of use precludes taxation. 7 N.J. Tax at 354-355. We see nothing in N.J.S.A. 54:4-2.3 even remotely impacting on the requirement for exemption under N.J.S.A. 54:4-3.3 that county property be used for public purposes. Further, N.J.S.A. 54:4-2.3 by its terms is applicable when the leasing of tax exempt property does not make the property taxable. In this case the leasing does make the property taxable so no assessment may be made on the basis of the tenancy.
The judgment of August 1, 1985 is reversed to the extent that it provides for exemption of the property in any of the years involved and the assessments are reinstated.
NOTES
[1] This section has been repealed and replaced by N.J.S.A. 54:51A-1(b) effective January 28, 1983.
[2] Of course, it may be appropriate to consolidate them for trial.
[3] Of course we do not suggest that a de minimis private use will invalidate a claim for exemption. See Boys' Club of Clifton, Inc. v. Township of Jefferson, supra, 72 N.J. at 400; Township of Hanover v. Town of Morristown, 4 N.J. Super. 22 (App.Div. 1949); Greenwood Cemetery v. City of Millville, 1 N.J. Tax 408, 414 (Tax Ct. 1980).