PER CURIAM.
Despite well-settled law on the issues, we are once again called upon to resolve the meaning of N.J.S.A 54:3-27 and its due process ramifications. In Jefferson-Halsey Roads Assocs., L.P. v. Parsippany-Troy Hills Tp., 13 N.J.Tax 138 (App.Div.1993), appeal dismissed, 135 N.J. 298, 639 A.2d 299 (1994), we ruled the statute did not violate a taxpayer’s due process rights by requiring payment of current taxes prior to pursuit of a tax appeal challenging the assessed taxes. We considered our ruling controlled by the holdings in New York, Susquehanna and W.R.R. Co: v. Vermeulen, 44 N.J. 491, 501-03, 210 A.2d 214 (1965), and McKesson Corp. v. Division of Alcoholic Beverages and Tobacco,. 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990).
Nonetheless, the associated corporate taxpayers in these cases assert: (1) the statute does not require dismissal of a tax appeal complaint for nonpayment of taxes due; and (2) if dismissal is mandated, such action violates their right of due process. For the latter proposition, the taxpayer has support from one tax court judge who denied the municipality’s motion to dismiss for nonpayment. In the remaining four cases, the tax court judges dismissed the appeals. We affirm the latter dismissals, reverse the denial, and remand that case for entry of an order of dismissal.
N.J.S.A 54:3-27, in pertinent part, provides:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in R.S. 54:4-66. [The latter statute sets dates taxes are due, dates taxes are delinquent, and dates tax bills shall be delivered.]
The meaning of the statute cannot be legitimately challenged. The language is clear and unambiguous. The word “shall” exhibits a clear legislative purpose that payment of taxes is a prerequisite to maintaining a tax appeal. To rule otherwise would be judicial legislating, a clear violation of the separation of powers doctrine. See Watt v. Mayor and Council of Franklin, 21 N.J. 274, 277, 121 A.2d 499 (1956). Moreover, the legislative history of the statute confirms the tax payment prerequisite. See Lecross *167 Assocs. v. City Partners, 168 N.J.Super. 96, 401 A.2d 1099 (App. Div.), certif. denied, 81 N.J. 294, 405 A.2d 837 (1979).
The tax payment prerequisite does not violate a taxpayer’s due process rights. As we stated in Jefferson-Halsey:
In New York, Susquehanna and W.R.R. Co. v. Vermeulen, 44 N.J. 491, 501-03, 210 A.2d 214 (1965), the Supreme Court held due process does not forbid compulsion to pay taxes prior to the opportunity to litigate the correctness of a tax____
We are bound by the New York, Susquehanna and W.R.R. Co. holding. If an exception is to be carved out, as plaintiff argues it must be, it is for the Supreme Court to do so.
[Jefferson-Halsey Roads Assocs., L.P. v. Parsippany-Troy Hills Tp., supra, 13 N.J.Tax at 139.]
Significantly, our Supreme Court dismissed the appeal in that case for lack of a substantial constitutional question. Jefferson-Halsey Roads Assocs., L.P. v. Parsippany-Troy Hills Tp., supra, 135 N.J. at 299, 639 A.2d 299. The United States Supreme Court has similarly ruled that a state may satisfy due process by requiring payment prior to hearing so long as a refund or other monetary remedy process is afforded. See McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, supra, 496 U.S. at 37-39, 110 S.Ct. at 2250-51, 110 L.Ed.2d at 36-37.
We find no authority to support the one tax court judge’s opinion that “the ex parte nonjudicial nature of the remedies contained in the Tax Sale law ... [deny] any opportunity to test the validity of the municipality’s assessment ... [and] would result in a violation of due process.” That judge’s rebanee on Mathews v. Eldndge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), is misplaced. Not only does the rebanee overlook the holding of McKesson, a case decided after Mathews and therefore impliedly considered inapplicable by the McKesson Court, but it misconstrues Mathews. Mathews stated “[t]he fundamental requirement of due process is the opportunity to be heard ‘at a meaningful time and in a meaningful manner.’ ” Mathews, supra, 424 U.S. at 333, 96 S.Ct. at 902, 47 L.Ed.2d at 32. The taxpayer’s failure to exploit that opportunity does not project a due process denial.
*168 In sum, we affirm the four orders under appeal that dismissed the taxpayer’s tax appeal for failure to pay taxes required by N.J.S.A 54:8-27. We reverse the one order denying dismissal and remand for entry of an order of dismissal.