CRABTREE, J.T.C.
Defendant moves to dismiss plaintiffs complaint for failure to pay taxes at the county board level. For the reasons hereinafter stated, the motion will be granted.
*411 The facts essential to a disposition of the motion are not in dispute and may be briefly stated.
Plaintiff filed a timely petition of appeal with the Essex County Board of Taxation seeking a reduction in the 1995 assessment on its property located at 1515 Broad Street, Bloomfield, New Jersey (Block 1231, Lot 52). At the time of filing, plaintiff was delinquent in the payment of taxes on the property for the third and fourth quarters of 1994 and the first quarter of 1995. On June 27,1995, defendant moved to dismiss plaintiffs county board petition for nonpayment of taxes. On July 21,1995, the county board entered judgment dismissing plaintiffs petition for nonpayment of taxes.
On August 10, 1995, plaintiff filed a complaint with this court seeking review of the county board judgment. Plaintiff paid the taxes before September 7, 1995, the deadline under N.J.S.A. 54:51A-9 for filing a complaint in the Tax Court to review a county board judgment. See Olde Lafayette Village, Ltd. v. Lafayette Tp., 9 N.J. Tax 562 (Tax 1988).
The county board judgment of dismissal was predicated upon N.J.S.A. 54:3-27, which provides, in pertinent part:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year----
Under N.J.A.C. 18:12A-1.6, if a taxpayer has failed to pay the required taxes on appeal to the county board and the taxing district moves before the county board for a dismissal of the petition:
[T]he county board shall allow the taxpayer a 10-day period of time to pay such taxes prior to the entry of a judgment of dismissal____ If such taxes are not paid within the 10-day period, then the county board of taxation shall enter a judgment dismissing the petition for failure to pay taxes.
Plaintiff argues that the relevant statute governing dismissals in the Tax Court is N.J.S.A. 54:51A-1(c), which sets forth three grounds for dismissal: a written withdrawal at the county board, a dismissal at the county board for failure to prosecute, and a settlement at the county board level. Since failure to pay taxes at the county board level is not enumerated in N.J.S.A. 54:51A- *412 1(c), plaintiff argues, and since plaintiff complied with N.J.S.A 54:51A-l(b), which requires payment of taxes due and owing when a Tax Court complaint seeks review of a county board judgment, defendant’s motion must be denied.
Plaintiffs argument is unsound. The relevant statute is not N.J.S.A. 54:51A-1(c); it is N.J.SA 54:3-27. The latter statute, which also applies to direct appeals to the Tax Court, is jurisdictional (provided a timely motion is made), and failure to pay taxes as required by the statute warrants dismissal upon motion and failure to pay within 10 days thereafter. County of Essex v. City of East Orange, 214 N.J.Super. 568, 520 A.2d 788 (App.Div.1987), certif. denied 107 N.J. 120, 526 A.2d 189 (1987). See Verden Realty Mgt. Co. v. City of East Orange, 5 N.J. Tax 637 (Tax 1983); Freehold Office Park v. Freehold Tp., 12 N.J. Tax 433 (Tax 1992). The tax payment requirement is no different from the failure to file a petition with the county board within the time prescribed by law. An appeal to this court from a county board judgment of dismissal for untimely filing must be dismissed for lack of subject matter jurisdiction. Mayfair Holding Corp. v. North Bergen Tp., 4 N.J. Tax 38 (Tax 1982); Lamantia v. Howell Tp., 12 N.J. Tax 347 (Tax 1992). Yet dismissal in the Tax Court for untimely filing at the county board is not one of the grounds for dismissal enumerated in N.J.S.A. 54:51A-1(c).
Plaintiff was given the opportunity to pay the taxes following defendant’s motion to dismiss the county board petition; it failed to do so and thus lost its right to pursue its tax appeal. The court is entitled to assume that the county board complied with N.J.A.C. 18:12A-1.6, as the county board judgment of dismissal was not entered until July 21, 1995, almost one month after the municipality’s motion. To permit plaintiff to maintain this action, notwithstanding its failure to comply with N.J.S.A 54:3 27, renders that statute meaningless, and the Legislature will not be presumed to enact useless laws, nor to use meaningless language. Monmouth County v. Wissell, 68 N.J. 35, 342 A.2d 199 (1975); Central Constr. Co. v. Horn, 179 N.J.Super. 95, 430 A.2d 939 (App.Div.1981).
*413 For the reasons stated, judgment will be entered dismissing the complaint.