682 A.2d 1229

BLLUM LIMITED PARTNERSHIP, PLAINTIFF–APPELLANT, v.
BLOOMFIELD TOWNSHIP, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 16, 1996—Decided October 8, 1996.

Before Judges PETRELLA and KIMMELMAN.

*Robert D. Blau* argued the cause for appellant (*Blau & Blau,* attorneys; *Mr. Blau,* on the brief).

*Susan A. Feeney* argued the cause for respondent (*McCarter & English,* attorneys; *Ms. Feeney,* of counsel and on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

Bllum Limited Partnership (Bllum) appeals from the Tax Court's order dismissing its complaint seeking a review of the judgment of the Essex County Board of Taxation. The Board of Taxation had dismissed its appeal of Bllum's 1995 property tax

assessment by the defendant Bloomfield Township on the basis that Bllum had not paid its property taxes within ten days of Bloomfield's motion to dismiss. *See N.J.S.A.* 54:3–27; *N.J.A.C.* 18:12A–1.6. Although Bllum paid those taxes within the forty-five day period for appealing the board's judgment, the Tax Court, in a reported decision, dismissed Bllum's tax appeal complaint on the basis that its appeal right was lost because it failed to comply with *N.J.S.A.* 54:3–27. *Bllum Limited Partnership v. Bloomfield Township,* 15 *N.J. Tax* 409 (Tax 1995).

On appeal, Bllum argues that the Tax Court erred in dismissing its appeal because it had met the forty-five-day deadline for filing a tax appeal with the Tax Court as set forth in *N.J.S.A.* 54:51A–9. Bllum further argues that *N.J.S.A.* 54:3–27 applies only to direct appeals to the board and the Tax Court, while *N.J.S.A.* 54:51A–1 applies to "indirect appeals" from county board judgments. Bllum contends that *N.J.S.A.* 54:3–27 does not set jurisdictional requirements, and is distinct from the filing deadline imposed by *N.J.S.A.* 54:3–21.[1] Finally, Bllum argues that *N.J.S.A.* 54:3–27 does not suggest legislative intent that nonpayment at the county board level, resulting in dismissal with prejudice, extinguishes the taxpayer's right to then appeal to the Tax Court, as long as the taxpayer meets the jurisdictional requirements of that court.

■ Bllum's arguments are inapposite. We affirm the decision of Judge Crabtree reported in 15 *N.J. Tax* at 413, for the reasons stated herein. Initially we observe that the legislative scheme does not contemplate that there are more than two avenues of appeal for tax matters. We do not consider an appeal to the Tax Court, after a determination or dismissal by the county board, to be an "indirect" appeal. The Tax Court is an alternate avenue of appeal for certain categories of taxpayers and a second level of tax appeal for those taxpayers who initially file a tax appeal with the

---

[1] Bllum concedes the filing time requirements are jurisdictional, but merely argues the analogy used by the Tax Court Judge is inapposite. We do not address this argument.

county tax board and seek review of its judgment. The Legislature contemplated allowing taxpayers, who meet the minimum assessment value requirement, a choice either to appeal to the county tax board or directly to the Tax Court.

When a taxpayer files an appeal with the county tax board, which results in either an adjudication on the merits or dismissal, the issue on further appeal is limited to whether the tax board properly reached its result. As in the instant case, if a taxpayer files an appeal to the county tax board and does not make the timely payments required, resulting in a judgment of dismissal, the taxpayer cannot circumvent its failure to pay timely taxes by appealing to the Tax Court for a determination on the merits as if the dismissal of its first appeal had no preclusive effect.

It is clear that *N.J.S.A.* 54:51A–1 applies only in situations where the appeal to the Tax Court is from the county tax board. *N.J.S.A.* 54:3–27 applies to appeals either taken to the county tax board or the Tax Court [2] and has impact "in any court to which the judgment arising out of such appeal shall be taken . . . ." *See County of Essex v. City of East Orange,* 214 *N.J.Super.* 568, 574, 520 *A.*2d 788 (App.Div.), *certif. denied,* 107 *N.J.* 120, 526 *A.*2d 189 (1987) (holding that if municipality seeks to enforce the tax payment requirements of *N.J.S.A.* 54:3–27, and taxpayer fails to pay the taxes, the tax appeal should not be allowed to be prosecuted). Thus, the last sentence of *N.J.S.A.* 54:3–27 [3] provides that

---

[2] *See J.L. Muscarelle, Inc. v. Saddle Brook Tp.,* 15 *N.J. Tax* 164 (App.Div.1994) (consolidating appeals from Tax Court and rejecting various challenges to *N.J.S.A.* 54:3–7).

[3] As amended by *L.* 1991, *c.* 75 § 30, effective (January 1, 1992), *N.J.S.A.* 54:3–27 reads as follows:

> A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in R.S. 54:4–66. The collector shall accept such amount,

where there is a judgment which is appealed the provisions of that paragraph apply in any court to which the judgment arising out of the appeal is taken.

Although it has been held that *N.J.S.A.* 54:3–27 is the controlling statutory tax payment provision where there is a direct appeal filed with the Tax Court, *see Schneider v. City of East Orange,* 196 *N.J.Super.* 587, 593, 483 *A.*2d 839 (App.Div.1984), *aff'd. o.b.,* 103 *N.J.* 115, 510 *A.*2d 1118, *certif. denied,* 479 *U.S.* 824, 107 *S.Ct.* 97, 93 *L.Ed.*2d 48 (1986); *Powder Mill I Assocs. v. Hamilton Tp.,* 190 *N.J.Super.* 63, 461 *A.*2d 1199 (App.Div.1983); *Milltown Industrial Sites v. Milltown Borough,* 12 *N.J. Tax* 581, 583 (Tax 1992), as noted, this provision also applies to appeals initiated before the county tax board. *County of Essex v. City of East Orange, supra* (214 *N.J.Super.* at 573–574, 520 *A.*2d 788); *see Echelon Glen Co-op. v. Voorhees Tp.,* 275 *N.J.Super.* 441, 446, 646 *A.*2d 498 (App. Div.), *certif. denied,* 138 *N.J.* 272, 649 *A.*2d 1291 (1994) (where initial filing was in the Tax Court, taxpayer's appeal did not have to be dismissed if municipality did not move to dismiss or pursued dismissal only after taxes were paid; moreover, purchase of tax sales certificate by third party relieved property owner of statutory obligation to pay property taxes as a condition of appeal).

Thus, the requirement that taxes and municipal charges due be paid at the time that appeals from tax assessments are taken appears in *N.J.S.A.* 54:3–27 with regard to both initial appeals to the county board of taxation as well as to the Tax Court directly,

---

when tendered, give a receipt therefore and credit the taxpayer therewith, and the taxpayer shall have the benefit of the same rate of discount on the amount paid as he would have on the whole amount.

The payment of part or all of the taxes upon any property, due for the year for which an appeal from assessment upon such property has been or shall hereafter be taken, or of taxes for subsequent years, shall in nowise prejudice the status of the appeal or the rights of the appellant to prosecute such appeal, before the county board of taxation, the tax court, or in any court to which the judgment arising out of such appeal shall be taken, except as may be provided for in R.S. 54:2–39.

[54:2–39 was repealed and replaced by *N.J.S.A.* 54:51A–21].

and also in *N.J.S.A.* 54:51A–1(b),[4] with respect to appeals to the Tax Court from judgments of the county boards of taxation. *See Powder Mill I Assocs. v. Hamilton Tp., supra* (190 *N.J.Super.* at 69, 461 A.2d 1199); *Lecross Assocs. v. City Partners,* 168 *N.J.Super.* 96, 401 A.2d 1099 (App.Div.), *certif. denied,* 81 *N.J.* 294, 405 A.2d 837 (1979).

■  Payments of back taxes in accordance with the statutes are essentially jurisdictional, if the municipality moves before the county tax board for payment in accordance with the statute and the implementing regulations. *See N.J.A.C.* 18:12A–1.6; *see also Schneider v. City of East Orange, supra* (196 *N.J.Super.* 587, 483 A.2d 839); *Farrell v. City of Atlantic City,* 10 *N.J. Tax* 336, 342–343 (Tax 1989) (discussing jurisdiction concepts and history of requirements to pay taxes as a condition of appeal).

Bllum's position would allow dismissal of an appeal at the county board level and a resultant appeal to the Tax Court on the merits, rather than an appeal to determine the propriety of the board's determination. Thus, under this scenario, taxpayers, who failed to meet the minimum assessment level of *N.J.S.A.* 54:3–21, could appeal to the county tax board, flout the payment of the tax due requirement by not paying back taxes, and be dismissed with prejudice. The nonconforming taxpayer could then circumvent the county board level determination and appeal directly to the Tax Court to hear its case. The legislative intent would thereby be frustrated.

Despite the fact that *N.J.S.A.* 54:51A–1(c) does not expressly state that a dismissal at the county tax board level for failure to pay taxes is a basis for denying review in the Tax Court, it is not necessary for us to say that subsection two's language—"dismissed because of appellant's failure to prosecute the appeal at a hearing called by the county tax board"—is not broad enough to include a "failure to prosecute" where the condition of non-

---

4 Formerly *N.J.S.A.* 54:2–39.

payment of taxes prevented the hearings. We need not rule on this issue and leave it for the Legislature to consider if clarification is warranted.

Although we are not prepared to conclude, as did Judge Crabtree, that *N.J.S.A.* 54:51A–1 has no applicability in this case, the fact that the taxpayer instituted the tax proceedings before the county tax board resulted in *N.J.S.A.* 54:3–27 being the controlling statutory provision and the judgment of dismissal being the only issue reviewable on appeal to the Tax Court. Appeals pursuant to *N.J.S.A.* 54:51A–1 are essentially limited to the board's determination. There is no statutory intent evident to give a taxpayer two bites at the apple. Here, the Tax Court had jurisdiction to review the dismissal and enter the equivalent of summary judgment thereon. Hence, the result was correct and the judgment of dismissal was appropriate.

Affirmed.