AXELRAD, J.T.C.
This is a local property tax matter involving appeals by Campbell Soup Company (“taxpayer”) seeking reduction of tax assessments on land and improvements which comprise its world headquarters complex in the City of Camden (“city”) for the 1993 and 1994 tax years. City filed a counterclaim seeking to increase the 1994 assessments and also asserts it is entitled to an increase in the 1993 assessments. Neither 1993 nor 1994 is a revaluation year.
In an oral application made at the close of a lengthy trial, taxpayer’s counsel asked the court to strike all testimony and evidence submitted by the city’s expert in support of its counterclaim. At the request of both counsel, the court reserved its decision pending the submission of written briefs. Taxpayer’s motion was based, in part, on city council’s failure to adopt a resolution authorizing the filing of a counterclaim in the 1994 appeal. Subsequent to the motion, city council adopted a resolution authorizing the prosecution of the counterclaim. Taxpayer concedes that the case law permits city to retroactively ratify the prosecution of counterclaims. Atlantic City v. Atlantic Deauville, Inc., 5 N.J.Tax 459 (Tax 1983).
Taxpayer further argued that this court lacks jurisdiction to increase the 1993 and 1994 assessments. Taxpayer bases its assertion upon its contention that city’s 1994 counterclaim is time-barred and no counterclaim was filed by the city with regard to *222 the 1998 assessment. Taxpayer concludes that absent a counterclaim or city alleging an error in the assessment methodology, this court is precluded from raising the subject assessments. Consequently, taxpayer posits that all testimony and evidence submitted by city’s expert attempting to establish higher valuation and increased assessment of the subject property for both tax years should be stricken by the court.
City suggests that taxpayer’s failure to raise the issue until the close of trial constitutes a waiver of its right to object to the timeliness of city’s counterclaim. Jurisdictional challenges such as taxpayer’s are not waivable and may be raised at any time. State v. Osborn, 32 N.J. 117, 160 A.2d 42 (1960). As such, the court must consider the substantive issues raised in taxpayer’s motion and determine whether it is legally authorized to consider the testimony and evidence in support of city’s request to raise the subject assessments.
Taxpayer initiated this litigation by filing a petition of appeal with the Camden County Board of Taxation (“county board”) on March 26, 1993. City did not file a cross-petition to the county board. A hearing was conducted on August 25,1993. On August 27, 1993 county board entered judgment deleting the value of certain improvements that had been removed from two lots, but otherwise affirming the original assessments on the subject property. Memorandum of Judgment was mailed out on August 30, 1993. Taxpayer filed an appeal to the Tax Court on September 30, 1993, and pursuant to a Consent Order permitting the filing out of time, city filed its answer on February 10, 1994. No counterclaim was filed by city for the tax year 1993.
For purposes of trial, the appeal filed for the tax year 1994 was consolidated with the 1993 appeal. Once again, taxpayer initiated its appeal by filing a petition to the county board on March 30, 1994. As in 1993, city did not file a cross-petition to the county board. In view of the pending 1993 Tax Court case, county board declined to conduct a hearing and entered judgments affirming the assessments on July 1,1994. Memoranda were mailed on July 15, 1994. On August 12, 1994, taxpayer filed its appeal of the judgments. On August 19,1994, city filed an answer and counterclaim, seeking an increase in the amount of the assessments for 1994.
*223 Taxpayer argues city is precluded from filing a counterclaim in the Tax Court due to its failure to assert an affirmative claim for relief in the initial appeal of the 1994 assessment to the county board. It contends the deadline for filing the city’s counterclaim was April 19, 1994, 20 days after the filing and service of its petition of appeal to the county board, pursuant to N.J.S.A. 54:3-21. I find no merit in taxpayer’s position. Taxpayer’s reliance upon this statute is misplaced; neither law nor logic supports such an interpretation.[1]
N.J.S.A. 54:3-21 provides that:
A taxpayer ... or a taxing district ... may on or before April 1 appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1 file a complaint directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000.
If a petition of appeal or a complaint is filed during the 19 days next preceding April 1, a taxpayer or a taxing district shall have 20 days from the date of service of the petition or complaint to file a cross-petition of appeal with a county board of taxation or a counterclaim with the clerk of the tax court, as appropriate.
It is well settled law that both appealing taxpayers and taxing districts must strictly adhere to statutory deadlines and failure to file a timely counterclaim is a fatal jurisdictional defect. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 495 A.2d 1313 (1985). It is undisputed that N.J.S.A. 54:3-21 requires appeals to the county board and direct appeals to the Tax Court to be filed by April 1, and any cross-petition or counterclaim to be filed within 20 days of same. This statute, however, applies only to appeals to the county board and direct appeals to the Tax Court. N.J.S.A. 54:51A-1 is the appropriate statute to apply when dealing with appeals from county board judgments. Bllum Ltd. Partnership v. Bloomfield Tp., 294 N.J.Super. 201, 682 A.2d 1229 (App.Div.1996), aff'g 15 N.J.Tax 409 (Tax 1995).
*224 In property tax cases the Legislature has provided for different procedures for direct appeals and appeals to the Tax Court from county board judgments. For example, in a direct appeal to the Tax Court pursuant to N.J.S.A. 54:3-27 there is no jurisdictional prerequisite that outstanding property taxes be paid prior to filing; taxpayer’s obligation is not crystallized until the issue is raised by the municipality. Schneider v. City of East Orange, 196 N.J.Super. 587, 483 A.2d 839 (App.Div.1984), aff'd o.b., 103 N.J. 115, 510 A.32d 1118, cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986); Lecross Assocs. v. City Partners, 168 N.J.Super. 96, 401 A.2d 1099 (App.Div.), cert. denied, 81 N.J. 294, 405 A.2d 837 (1979). On the other hand, failure to pay taxes by the final day statutorily allowed for the filing of appeals from county board judgments to the Tax Court is a jurisdictional defect. N.J.S.A. 54:51A-l(b); J.L. Muscarelle, Inc. v. Saddle Brook Tp., 15 N.J.Tax 164 (App.Div.1994).
The applicable statute, N.J.S.A. 54:51A-1, directs parties who wish to appeal a county board judgment to do so by filing “pursuant to rules of court.” As such, the court rules are the appropriate method for determining the timeliness of the city’s 1994 counterclaim. R. 8:4-3 provides that counterclaims (“pleadings other than the complaint”) in the Tax Court must be timely filed within 35 days after service of the complaint in accordance with R. 4:6-1.
Nowhere in the statute or court rule does it state that filing an affirmative claim for relief at the county board level is a prerequisite to asserting a counterclaim in an appeal of that board’s judgment to the Tax Court. In construing a statute, the court must first consider its plain language. Cumberland Holding Corp. v. Vineland City, 11 N.J.Tax 457, 462 (Tax 1991) (citing Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 128, 527 A.2d 1368 (1987)). Where the words of a statute are clear and their meaning and application plain and unambiguous, there is no reason for judicial construction. Cumberland Holding Corp., supra, 11 N.J.Tax at 462.
*225 Taxpayer’s interpretation misconstrues the nature of a proceeding in the Tax Court. N.J.S.A. 2B:13-3b, formerly N.J.S.A. 2A:3A-4b, directs this court to hear and determine all issues of fact and law de novo. A hearing de novo has been defined to be:
Generally, a new hearing or a hearing for the second time, contemplating an entire trial in the same manner in which matter was originally heard and a review of previous hearing. On hearing “de novo” court hears matter as court of original and not appellate jurisdiction.
[Chevron U.S.A., Inc. v. City of Perth Amboy, 9 N.J.Tax 571, 581 (Tax 1988), (citing, Black’s Law Dictionary (5 ed. 1979) at 649).]
By its use of the term de novo the Legislature intended that this court consider an original assessment completely anew. “[0]n de novo review, the Tax Court may determine a true value different from the original assessment, the County Board’s assessment, or the taxpayer’s valuation.” Pantasote Co. v. City of Passaic, 100 N.J. 408, 416, 495 A.2d 1308 (1985). Since the county board hearing and Tax Court case are separate and distinct proceedings, governed by different rules, city’s failure to assert an affirmative claim for relief in the initial appeal of the 1994 assessment to the county board does not preclude it from filing a counterclaim in the Tax Court.
City filed its 1994 counterclaim on August 19, 1994, seven days after taxpayer filed its complaint, in accordance with R. 4:6-1. As such, the counterclaim is not time-barred and the court has jurisdiction to grant such affirmative relief that it deems appropriate.
While it is disputed by city, it is clear to the court that no counterclaim was filed in the 1993 Tax Court ease. City asserts its responsive pleading is a counterclaim, although specifically denoted as an “Answer,” since it requested “such other and further relief at law or in equity as to which Defendant may show themselves entitled.” The pleading is not captioned as a “Counterclaim” and does not include any affirmative claim for an increase in the assessment of the subject property.
The form, content, and service of a counterclaim in a real property tax case is governed by R. 8:3-7 and R. 4:5-2. All pleadings, including counterclaims must “fairly apprise the ad *226 verse party of the claims and issues to be raised at trial” and contain a demand for judgment for the relief to which the pleader claims entitlement. Spring Motors Distrib., Inc. v. Ford Motor Co., 191 N.J.Super. 22, 29-30, 465 A.2d 530 (App.Div.1983), rev’d on other grounds, 98 N.J. 555, 489 A.2d 660 (1985); Pressler, Current N.J. Court Rules, Comment on R. 4:5-2 (1996). By even the most strained construction, one cannot categorize this pleading as a counterclaim.
Taxpayer argues city’s failure to affirmatively seek an increase by way of counterclaim or allege an error in the original assessment methodology precludes the court from raising the 1993 assessment. Taxpayer attempts to apply the holding in F.M.C. Stores, supra, 100 N.J. 418, 495 A.2d 1313, in support of its position. The F.M.C. Stores ease and the case at bar are factually inapposite. The former case involved an appeal in a revaluation year.[2] In contrast, taxpayer is before this court seeking a decrease in the assessments for 1993 and 1994, both non-revaluation years.
Much of the basis for the court’s decision today turns on that distinction. In a revaluation year, absent a counterclaim by the taxing district, the Tax Court may not increase the assessment above the original assessment or county board’s determination without substantial evidence before it that the quantum of the assessment at issue is so far removed from true value and that the assessment methodology is arbitrary or capricious. F.M.C. Stores, supra, 100 N.J. at 431, 495 A.2d 1313; see also Newton Town v. Newton Med. Bldg., 13 N.J.Tax 462, 465-66 (Tax 1993) (relying on F.M.C. Stores and distinguishing). In a non-revaluation year, however, the Tax Court may increase the assessment even in the absence of a counterclaim. Weyerhaeuser Co. v. Borough of Closter, 190 N.J.Super. 528, 542, 464 A.2d 1156 (App. *227 Div.1983); Passaic St. Realty Assoc., Inc. v. Garfield City, 13 N.J.Tax 482, 484, 488 (Tax 1994). Consequently, the fact that a counterclaim was not filed in the 1993 appeal has no bearing as a matter of law on the court’s ability to increase the assessment, if the proofs justify same.
On appeal to the Tax Court from a local property tax assessment, a de novo hearing is held “in which the ultimate fact sought to be determined is the full and fair value of the property.” Rek Investment Co. v. City of Newark, 80 N.J.Super. 552, 557, 194 A.2d 368 (App.Div.1963). The principal function of the court is to utilize its special expertise and apply its own judgment to valuation data submitted by experts in order to determine fair market value of the property and the appropriate assessment. Glenpointe Assocs. v. Teaneck Tp., 241 N.J.Super. 37, 46, 574 A.2d 459 (App.Div.), certif. denied, 122 N.J. 391, 585 A.2d 392 (1990); Passaic St. Realty, supra, 13 N.J.Tax at 484.
Once a determination of true value has been made in a non-revaluation year, the Tax Court is mandated by N.J.S.A. 54:51A-6 to apply the Chapter 123 ratio to the proven value.[3] In a non-revaluation year the application of Chapter 123 is automatic. Weyerhaeuser Co., supra, 190 N.J.Super. at 537, 464 A.2d 1156; Passaic St. Realty, supra, 13 N.J. Tax at 487. By its own terms Chapter 123 does not apply in a revaluation year. N.J.S.A. 54:51A-6(d).
The reasoning behind Chapter 123’s limited applicability is rooted in the history of its enactment which, in part, attempted to deal with the problem of determining a common level of assessments in non-revaluation years. In revaluation years, for obvious *228 reasons, a common level is easily determinable. However, prior to the enactment of Chapter 123, in a non-revaluation year a single ratio to true value at which the majority of ratables were assessed was difficult to ascertain. The burden of proving the common level of assessment in the municipality was placed upon the taxpayer challenging the assessment. As such, challenging an assessment was a particularly difficult and expensive undertaking, requiring taxpayers to employ experts to perform complex statistical evaluations of the area. Murnick v. City of Asbury Park, 95 N.J. 452, 459, 471 A.2d 1196 (1984). The Supreme Court recognized this problem and addressed it in In re Kents 2121* Atlantic Ave., Inc., 34 N.J. 21, 166 A.2d 763 (1961), holding that the average ratio determined by the Director’s average school aid ratio could be used as a presumptive common level in such instances and inviting the Legislature to respond. Id. at 31, 166 A.2d 763. Several years after the Kents decision, the Legislature enacted Chapter 123 which defined “average ratio” and established a “common level range” or corridor allowing for leeway in the assessment. Murnick, supra, 95 N.J. at 460, 471 A.2d 1196. The Legislature limited the application of the statute to non-revaluation years where the problem it sought to address arose.
In a non-revaluation year Chapter 123 provides authority for the court to raise an assessment, even in the absence of an affirmative request by the taxing district. In this respect Chapter 123 operates substantively in the nature of an automatic counterclaim. Procedurally, however, if taxpayer withdraws its complaint prior to the close of proofs, absent a counterclaim seeking an increased assessment, the court no longer has jurisdiction to order any relief regardless of the mandates of Chapter 123. R. 8:3-9. The existence of Chapter 123 itself puts taxpayer on notice that its assessment might be increased even in the absence of a municipal counterclaim. Weyerhaeuser Co., supra, 190 N.J.Super. at 542, 464 A.2d 1156 (quoting, Devonshire Develop. Assocs. v. City of Hackensack, 2 N.J.Tax 392, 407 (Tax 1981)). This is the risk taxpayer took when it appealed the 1993 county board judgment to the Tax Court. Taxpayer argues the fact that city had no intention of seeking affirmative relief until the second half of 1994, *229 when it was informed by its expert that the current assessment of the subject property may be too low, should preclude an increase of the 1993 assessment. In support of its argument, taxpayer relies upon the Supreme Court’s admonition in F.M.C. Stores that “[i]n dealing with the public, government must ‘turn square corners’” and should appeal its own assessment only if it has independent grounds for believing in good faith that its assessment was erroneous. Supra, 100 N.J. at 426, 495 A.2d 1313. In a non-revaluation year, however, city is not required to file a counterclaim in order to obtain an increase in the assessment. As such, it is irrelevant at what point city believed an increase was warranted, provided that its position was made known to its adversary through the exchange of expert reports during the discovery process. R. 8:6 — 1(b); Rabstein, supra, 187 N.J.Super. at 24, 453 A.2d 553.
In a revaluation year, however, where Chapter 123 does not apply, taxpayer is without notice of the possibility of an increase in the assessment. Due to the recent valuation of the subject property by the assessor, taxpayer would have no reason, absent some affirmative claim, to believe the municipality was not standing by its assessment. In order not to disturb taxpayer’s justified reliance on the fact its assessment is not being challenged as too low, public policy mandates the Tax Court may not automatically increase an assessment in the absence of a counterclaim.
There are extreme situations, however, in which allowing an assessment to stand simply because the municipality has failed to file a counterclaim would result in an inequity. Our Constitution provides that “[pjroperty shall be assessed for taxation under general laws and by uniform rules,” N.J. Const, art. VIII, § I, ¶ 1, precluding discriminatory treatment in real property taxation. Appealing taxpayers should not be permitted to benefit from, nor should the balance of the property owners in the community be burdened by a discriminatory valuation simply because it is a revaluation year and the municipality has not challenged its assessment. The Supreme Court recognized this dilemma and in F.M.C. Stores held in a revaluation year, whether pled or not, the *230 court may increase an assessment only if the evidence before it shows' “the quantum of the assessment itself is so far removed from true value and that the original assessment methodology is patently arbitrary and capricious, ...” F.M.C. Stores, 100 N.J. at 431, 495 A.2d 1313; see also, Newton, supra, 13 N.J.Tax at 465-66 (quoting from F.M.C. Stores). In a revaluation year where the municipality has endeavored to adjust all property assessments to 100% of true value, such a finding by the court would indeed be a rarity.
Despite the contentions of both parties, the case before the court is not unusual or procedurally complex. Neither 1993 nor 1994 are revaluation years. City’s 1994 counterclaim for an increased assessment is not time-barred and this court has proper jurisdiction to award affirmative relief if the proofs demand such a result. Moreover, the absence of a counterclaim by city for the 1993 tax year does not preclude the court from raising the assessment if, after review of the evidence presented, the court’s independent determination of true value and application of Chapter 123 result in an increase. Furthermore, since neither 1993 nor 1994 are revaluation years, city need not allege an error in the original assessment methodology under F.M.C. Stores in order to obtain affirmative relief. Consequently, taxpayer’s motion to strike all of city’s evidence and testimony in support of higher valuation • and increased assessments of the subject property is denied.

 Although in Rabstein v. Princeton Tp., 187 N.J.Super. 18, 24-25, 453 A.2d 553 (App.Div.1982), the Appellate Division affirmed the trial court’s holding that the municipality’s failure to pursue a timely claim for affirmative relief at the county board level barred its counterclaim in the Tax Court, the subsequent enactment of N.J.S.A. 54:51A-6 (L.1973, c. 123, “Chapter 123”) and the amendments to N.J.S.A. 54:3-21 undermines its rationale.

 Although this fact is not readily ascertainable upon even a thorough reading of the Supreme Court's decision in F.M.C., the the lower court’s decision clearly sets forth that the tax year in question was, in fact, a revaluation year. F.M.C. Stores Co. v. Borough of Morris Plains, 195 N.J.Super. 373, 378, 384, 479 A.2d 435 (App.Div.1984).

 Simply stated, chapter 123 provides: 1) Upper and lower limits are established by taking the average ratio (a promulgated ratio that is equal to the average of the assessed value to true value of certain properties recently sold in the municipality) times 115% and 85%; 2) The court then divides the assessment amount by the true value amount as determined by the court at trial; 3) The resulting percentage is compared to the upper and lower limits. If that percentage falls outside the 85%-115% "corridor,” then the average ratio is applied to the true value. This results in either an increase or decrease in the assessment.