AXELRAD, J.T.C.
This matter is before the court upon the municipality’s motion to dismiss the taxpayer’s local property tax complaint with prejudice. The taxpayer had appealed the $4.2 million assessment for the 1998 tax year on its property located at 12 Coddington Road, Readington Township, designated as Block 36, Lot 44.02, to the Hunterdon County Board of Taxation. On April 28,1998, counsel for the municipality filed a motion, supported by certifications, with the board to dismiss the complaint with prejudice for the taxpayer’s failure, or refusal, to respond to the request for income and expense information regarding the subject property, pursuant to N.J.SA. 54:4-34 (L. 1979, c. 91, commonly referred to as “Chapter 91”).
The municipality’s moving papers which were directed and sent to the taxpayer’s counsel, the same firm that represents the taxpayer in the present appeal, indicated that oral argument was waived and a disposition on the papers was requested. According to the certification of the taxpayer’s attorney filed with this court, he appeared with the president of the taxpayer-corporation on June 22, 1998, the date of the hearing, and “believes that [his client] had a meritorious defense.” The certification does not indicate the nature of the defense or any explanation as to why it was not presented to the county board. At that time, the three commissioners of the board signed the municipality’s proposed order, which indicated that “no response [was filed] by or on behalf of Petitioner, and it appearing that the Assessor complied with the requirements of N.J.S.A 54:4-34 and that Petitioner did not provide the information requested by the Assessor, nor did Petitioner establish good cause for the failure to comply with the Assessor’s request.” A Memorandum of Judgment was entered by the county board reflecting a judgment code “5D” which *528 represents a “dismiss[al] with prejudice [for] failure to respond to income request (N.J.S.A 54:4-34).”
The taxpayer timely filed an appeal of the county board judgment to the Tax Court, challenging the assessment of the subject property and asserting discrimination. In support of the motion before the court, counsel for the municipality relies upon the county board’s dismissal of plaintiffs complaint with prejudice for failure to comply with the Assessor’s request for income and expense information regarding the subject property, pursuant to N.J.S.A 54:4-34. This statute provides:
No appeal shall be heard from the Assessor’s valuation and assessment with regard to income-producing property where the owner has failed or refused to respond to such written request for information within 45 days of such request____
Counsel for the municipality contends that dismissal with prejudice by the board for failure to comply with Chapter 91 is tantamount to “failure to prosecute” which would prevent review by the Tax Court pursuant to N.J.S.A 54:51A-l(c). The municipality relies on the holding of the Appellate Division in Bllum Ltd. Partnership v. Bloomfield Tp., 16 N.J.Tax 41 (App.Div.1996). Furthermore, according to the municipality, by the taxpayer appealing its assessment on the merits rather than appealing the county board’s determination of the Chapter 91 motion, it has forfeited its right to contest the merits of the motion before the court. The taxpayer relies upon VSH Realty, Inc. v. Harding Tp., 15 N.J.Tax 653 (App.Div.1996) and asserts that it is entitled to a determination of the value of the property on the merits in a de novo trial before the Tax Court.
On appeal to the Tax Court from a property assessment “a de novo hearing is held in which the ultimate fact to be determined is the full and fair market value of the property.” Rabstein v. Princeton Tp., 187 N.J.Super. 18, 22, 453 A.2d 553 (App.Div. 1982), subject to the limitations of N.J.S.A 54:51A-1(c). According to that statute,
If the tax court shall determine that the appeal to the county board of taxation has been (1) withdrawn at the hearing, or previously thereto in writing by the appellant or his agent; (2) dismissed became of appellant’s failure to prosecute the appeal at a hearing called by the county tax board; (3) settled by mutual consent of the *529 taxpayer and assessor of the taxing district, there shall be no review. This provision shall not preclude a review by the tax court in the event that the appeal was “dismissed without prejudice” by the county board of taxation.
[Emphasis added].
New Jersey courts have consistently applied a narrow scope to the basis for dismissal for lack of prosecution, finding it only appropriate in cases where taxpayer fails to appear and/or present “some evidence” of true value, based upon their “view that dismissals of actions in general is a drastic remedy.” Ganifas Trust v. City of Wildwood, 15 N.J.Tax 722, 728-29 (App.Div.1996); VSH Realty v. Harding Tp., supra, 15 N.J.Tax at 658; Veeder v. Berkeley Tp., 109 N.J.Super. 540, 546, 264 A.2d 91 (App.Div.1970).
In Bllum Ltd. Partnership v. Bloomfield Tp., supra, 16 N.J.Tax 41 the Appellate Division held that if a taxpayer files an appeal directly with the county board and fails to timely pay taxes and municipal charges as required by N.J.S.A 54:3-27, resulting in a judgment of dismissal, the issue on appeal to the Tax Court is limited to whether the board properly reached its result. The taxpayer cannot cure this jurisdictional defect and get “two bites at the apple” by making the delinquent payments prior to appeal to the court pursuant to N.J.SA. 54:51A-1, which applies to “indirect appeals” from county board judgments. The court based its decision solely on the fact that taxpayer’s initial filing with the county board resulted in N.J.SA 54:3-27 being the controlling statutory provision, and the judgment of dismissal being the only issue reviewable on appeal to the Tax Court. According to the court,
Despite the fact that N.J.S.A 54:51A-l(c) does not expressly state that a dismissal at the county tax board level for failure to pay taxes is a basis for denying review in the Tax Court, it is not necessary for us to say that subsection two’s language— “dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county board” — is not broad enough to include a “failure to prosecute” where the condition of non-payment of taxes prevented the hearings. We need not rule on this issue and leave it for the Legislature to consider if clarification is warranted (emphasis added).
[Id. at 46 (emphasis added)].
In the Bllum case, the county board’s dismissal of the taxpayer’s complaint on jurisdictional grounds in response to the municipality’s motion was expressly mandated by N.J.SA 54:3-27 *530 and N.J.A.C. 18:12A-1.6 (permitting a ten day grace period for payment following the municipality’s motion before the county board for dismissal of the petition). N.J.S.A 54:4r-34 contains no such directive. Although a non-compliant taxpayer forfeits the right to appeal the value of its property under this statute, the Tax Court is still obligated to review whether the taxpayer timely complied or whether there was justifiable failure to comply with the Assessor’s request for income and expense information. Furthermore, as the statute has been interpreted by the Court in the landmark case of Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 11, 547 A.2d 691 (1988), a non-compliant taxpayer nevertheless has the opportunity for a limited scope inquiry or hearing before the county board or Tax Court on the reasonableness of the valuation “based upon the data available to the assessor.” (Citation omitted) According to our State Supreme Court, “[i]n a county board proceeding either party will then be able to seek review of the board’s determination in accordance with N.J.S.A. 54:51A-1 (providing for review by the Tax Court of any ‘judgment, action or determination’ by county boards) see also R. 8:2(a) (The Tax Court shall have initial review jurisdiction of all final decisions’ of the county boards).” Id. at 12, 547 A.2d 691.
Although the court is sensitive to the costs expended by the municipality in pursuing its Chapter 91 motion in the initial proceeding, based on the present case law, the court is not satisfied that a dismissal with prejudice for failure to comply with Chapter 91 was intended by the legislature to constitute a “failure to prosecute” under N.J.S.A 54:51A-l(c). As such, the taxpayer is not jurisdictionally precluded from pursuing a de novo appeal of its assessment in the Tax Court, which includes the ability of the municipality to renew its motion to dismiss for failure to comply with the Assessor’s request for income and expense information. Nor is the taxpayer procedurally foreclosed from contesting the motion on its merits as a result of its having appealed to the Tax Court the assessment of the property rather than the county board’s determination of the Chapter 91 motion. “Pleadings are to be liberally construed in the interest of justice .” R. 4:5-7. The *531 taxpayer’s complaint was filed timely and conforms to the requirements of R. 8:3-5(a).
As the municipality has already incurred the cost of filing its motion and certification with the county board, and has supplied copies of those filings to this court, the court will convert the present motion into a motion to dismiss pursuant to N.J.S.A. 54:4-34. The taxpayer’s response is due by October 29,1998, and oral argument, if requested, will be held on November 20, 1998.