190 N.J. Super. 280 (1983)
463 A.2d 366
JOHN J. HORN, COMMISSIONER OF LABOR AND INDUSTRY, PLAINTIFF-APPELLANT,
v.
SERRITELLA BROS., INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 1983.
Decided June 2, 1983.
*281 Before Judges ARD, KING and McELROY.
Herbert J. Sablove, Deputy Attorney General, argued the cause for appellant (Irwin I. Kimmelman, Attorney General, *282 attorney; James J. Ciancia, Assistant Attorney General, of counsel; Herbert J. Sablove, on the brief).
Edward R. Longo argued the cause for respondent (Benenson & Scher, attorneys; Edward R. Longo, on the brief).
The opinion of the court was delivered by ARD, P.J.A.D.
This appeal involves an interpretation of a section of the Prevailing Wage Act, N.J.S.A. 34:11-56.25 et seq. (the act). Specifically, the question is whether, under the circumstances of this case, certain employees of the defendant are within the definitional section of the act which defines "workmen." We are satisfied the duties of the employees in question bring them within the ambit of the statute thus requiring reversal of the determination below.
The commissioner of the New Jersey Department of Labor and Industry instituted an action against the defendant company (Serritella) charging it with failure to pay 12 of its workers the prevailing wage for their work on a public project for which Serritella was a subcontractor. Serritella denied liability and claimed the workers were not entitled to the prevailing wage because their duties did not come within the definition of the statute.
The City of Newark was engaged in the reconstruction of various city streets. The work included the excavation and disposal of existing sidewalks. The general contractor hired Serritella to haul the pavement debris from the work sites to dumping areas. It is not disputed that Serritella's drivers drove trucks to the work site and waited while others loaded the trucks and then drove the loaded trucks to the dump sites. The drivers received $5.50 per hour as opposed the prevailing rate of $9.35 per hour. The commissioner's complaint sought to enforce the act and collect $22,022.58 which represents the differential in the wage rates.
*283 The parties filed cross-motions for summary judgment, and the trial judge held that defendant's drivers were exempt by virtue of their functional identity with "material suppliers" whom the act specifically exempts. He ruled that Serritella's employees had performed no services at the job site, and therefore, were not workmen within the meaning of the statute.
The Prevailing Wage Act, N.J.S.A. 34:11-56.25 et seq., expresses this State's public policy as follows:
... to establish a prevailing wage level for workmen engaged in public works in order to safeguard their efficiency and general well being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to efficiency and well-being. [N.J.S.A. 34:11-56.25].
This court has perceived the act's purpose as follows:
The prevailing wage rate is a minimum wage rate and is unquestionably designed to protect union contractors from under-bidding on public work by their non-union competitors who conceivably would have the advantage of paying their labor nonunion wages.... Its purpose is to insure that the prevailing wage rate existing at the time of the signing of a public contract constitutes the minimum wage paid to workers under that contract. [Cipparulo v. Friedland, 139 N.J. Super. 142, 148 (App.Div. 1976)].
The act is remedial in nature and thus "is entitled to a liberal construction and application in order to effectuate the strong public policy of protecting those whose labor goes into public projects." Newark Laborers' v. Comm. Union Ins. Co., 126 N.J. Super. 1, 8 (App.Div. 1973); accord, Central Constr. Co. v. Horn, 179 N.J. Super. 95, 104 (App.Div. 1981).
The act operates by requiring that all public-works contracts over $2,000 contain a provision mandating payment of a stated prevailing wage "to the workmen employed in the performance of the contract." N.J.S.A. 34:11-56.27.
The key provision is N.J.S.A. 34:11-56.26(7) which provides:
(7) "Workman" includes laborer, mechanic, skilled or semi-skilled, laborer and apprentices or helpers employed by any contractor or subcontractor and engaged in the performance of services directly upon a public work, regardless of whether their work becomes a component part thereof, but does not include material suppliers or their employees who do not perform services at the job site.
*284 Defendant was a subcontractor hired by the general contractor to haul away the debris resulting from the pavement excavation and reconstruction. Defendant's employees did no loading or lifting at the job site; they drove their trucks to the site, stood by as other workers did the loading, and drove the trucks to disposal areas. The judge below viewed defendant's employees as the functional equivalents of "material suppliers," who are specifically excepted by N.J.S.A. 34:11-56.26(7). He reasoned:
The function performed here is identical to the functions performed by material suppliers who are exempt under the Prevailing Wage Act.
The Court does find that Serritella Brothers did not perform services on the job site and did not perform services directly upon a public work and are not covered by the act.
We disagree. The drivers employed in operating trucks at the job site, intimately involved in the removal of the sidewalk debris, are, in our opinion, clearly "... engaged in the performance of services directly upon a public work...." Although the drivers did no loading or lifting at the job site, they drove their trucks to the site, stood by as other workers did the loading, and drove the trucks to disposal areas. Their function was an integral part of the process involved in removing the debris. We cannot comprehend the distinction between the employee who shovels a load of debris from the ground to the truck and the employee who places the truck in the proper position to load it and then removes the debris by driving the truck from the site. Conversely, we find no logical basis to include these workers within the exception to N.J.S.A. 34:11-56.26(7), i.e., "material suppliers or their employees who do not perform services at the job site."
Although the term "supplier" is not defined in the act, we do not perceive the drivers in this situation to be labeled "material suppliers" thus qualifying for exemption. Indeed, far from supplying material for the project, the drivers carried debris away. Their function clearly involved the rendering of "services directly upon a public work." We find little need for *285 further analysis. These truck drivers were not "material suppliers" and therefore cannot become exempt under that category. Nor can we fathom the basis for the conclusion that these drivers "do not perform services at the job site." Their function, as heretofore described, performs a service at the site, namely, the removal of debris. The purpose of the act  to protect workers engaged in public works  would be subverted if defendant were allowed to pay less than the prevailing wage for work integral to the contract.
We also reject defendant's alternative argument that the exemption of suppliers, without a similar exemption for Serritella's drivers, is violative of the equal protection clauses contained in the Fourteenth Amendment of the United States Constitution and Art. I, par. V of the N.J. Constitution. Different treatment does not necessarily deny equal protection. All that is required is that distinctions among persons similarly situated be justified by some appropriate state interest and that they bear a rational relationship to that interest. Taxpayers Assn. of Weymouth Tp. v. Weymouth Tp., 80 N.J. 6, 37-38, 44 (1976), app. dism. 430 U.S. 977, 97 S.Ct. 1672, 52 L.Ed.2d 373 (1977). "[A]ny reasonably conceivable state of facts" is sufficient to justify a classification, and it "does not matter that the classification may be mathematically imperfect or that it results in some inequities in practice." 80 N.J. at 40.
The commissioner identifies legitimate reasons for the disparate treatment. The aim of the act is to protect those engaged in construction activity, not in supply or manufacturing. Such a purpose is justifiable in that it would be impractical, if not impossible, to monitor the wages paid by suppliers or manufacturers, especially since it will often not be known at the time of production whether the product will ultimately be utilized on a public job. Truck drivers employed by subcontractors do work more directly related to construction activity than do drivers employed by suppliers. While their actual duties may be similar, the Legislature has made a choice to exempt those who are *286 less directly involved in construction tasks. We are satisfied that defendant has not carried its burden of proving that this choice bears no rational relationship to the State's objection. We find N.J.S.A. 34:11-56.26(7) is constitutional.
Reversed.