295 N.J. Super. 640 (1996)
685 A.2d 988
KEVIN QUAYLE, RALEIGH HAUGEN, CLARENCE HAWKINS, REGINALD HAWKINS, ROGER LEWIS, ANTHONY WILLIAMSON, PATRICK GIBILISCO, ROBERT GIBILISCO, WILLIAM SION AND ROBERT SHELDON, PLAINTIFFS-APPELLANTS,
v.
TRICON CONSTRUCTION OF NORTH JERSEY, INC., AND XYZ CORPORATIONS (1-50), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1996.
Decided December 19, 1996.
*641 Before Judges LANDAU and KIMMELMAN.
Timothy M. Donohue argued the cause for appellants (Arseneault & Krovatin, attorneys; William Strazza, on the brief).
Daniel R. Bevere argued the cause for respondent (Piro, Zinna, Cifelli & Paris, attorneys; John G. Griwert, of counsel, and Mr. Bevere, on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
The above captioned plaintiffs were employed as laborers and carpenters by defendant Tri-Con Construction of North Jersey, Inc. (Tri-Con) on a construction project at Morris County College in March, 1995. They sued Tri-Con for back pay, alleging various violations of the Prevailing Wage Act, including falsely underreporting the number of hours the employer certified as having been worked by plaintiffs. In May, 1995, the complaint was amended to join an additional plaintiff, and fictitious-name defendants. Plaintiffs moved on May 7, 1996 for leave to amend the complaint to join as a defendant The Ohio Casualty Insurance Group (OCI), issuer of the performance and payment bond covering the college project.
The motion was denied as untimely under N.J.S.A. 2A:44-146, the limitation of action section of the Public Works Bond Act, N.J.S.A. 2A:44-143 to 147, which provides:

*642 If the indebtedness due to any person as shown by the statement required to be filed by section 2A:44-145 of this title shall not be paid in full at the expiration of 80 days from the acceptance of the building, work or improvement by the duly authorized board or officer, such person may, within 1 year from the date of such acceptance, bring an action in his own name upon the bond required by this article.
We granted plaintiffs' motion for leave to appeal. At issue is determination of the date from which a project is to be deemed accepted when a Prevailing Wage Act claim is made against the surety bond required by the Public Works Bond Act.
In ruling on the motion to amend, the motion judge noted that on March 2, 1995, the owner and architect executed a "Certificate of Substantial Completion." The judge appears to have adopted the representations contained in a certification submitted by James Baldino, Tri-Con's president. In that certification, Baldino stated that he received a signed copy of the Certificate of Substantial Completion (COSC), signed by the architect on February 29, 1995. He signed it on March 2, 1995 and returned it to the architect. He never received a copy signed by the "Owner", i.e., the County College of Morris. The COSC "indicated that, except for a punch list of items, the building was sufficiently in accordance with the contract ... that the County College of Morris ... could occupy and utilize the building for its intended use." Baldino represented that although he never received back a copy signed by the "Owner", "the general practice in the construction industry is for the Owner to retain the Certificate unless they deem the project incomplete."
The motion judge concluded that March 2, 1995, the date when Tri-Con signed the COSC, was the time of "acceptance" of the project for purposes of computing the time when the one year limitation of action imposed by N.J.S.A. 2A:44-146 must be deemed to run in this case. Our review of the record discloses the presence of facts which show that this factual premise, and the resulting legal determination, was incorrect.
A copy of the COSC signed for the architect group and for the County College of Morris is contained in plaintiffs' appendix. Tri-Con signed on March 2, 1995. The architects signed on *643 March 14, 1995, and the "Owner" on March 16, 1995. Critically, however, the COSC provided that the Owner's acceptance of the work as "substantially complete" was "pending completion of punch list issued under separate cover within 30 days of date of issuance of this certificate of substantial completion." According to the COSC, "Substantial Completion is the stage in the progress of the Work when the Work or designated portion thereof is sufficiently complete in accordance with the Contract Documents so the Owner can occupy or utilize the Work for its intended use." (Emphasis provided).
Thus, the March 2, 1995 date relied upon by the motion judge is plainly incorrect as, (1) there was a later signing of the COSC by both the architect and owner, and (2) the use of the phrases "sufficiently complete" and "substantially complete", coupled with the unambiguously conditional nature of the owner's acceptance of the work only as substantially complete pending completion of punch list, render uncertain the date of actual "acceptance" for purposes of N.J.S.A. 2A:44-146.[1]
As we noted above, this action was instituted under the Prevailing Wage Act, a statute which "is remedial in nature and thus `is entitled to a liberal construction and application in order to effectuate the strong public policy of protecting those whose labor goes into public projects.'" Horn v. Serritella Bros., Inc., 190 N.J. Super. 280, 283, 463 A.2d 366 (App.Div. 1983) (quoting Newark Laborers' Pension-Welfare Funds v. Comm. Union Ins. Co., 126 N.J. Super. 1, 8, 312 A.2d 649 (App.Div. 1973)); Serraino v. Mar-D, Inc., 228 N.J. Super. 482, 488, 550 A.2d 178 (Law Div. 1988). The Public Bond Act was similarly designed "to offer broad protection to unpaid workers ..." Serraino, supra, at 490, 550 A.2d 178, citing Hiller & Skoglund, Inc. v. Atlantic Creosoting Co., Inc., 40 N.J. 6, 13, 190 A.2d 380 (1963).
*644 Given the public policy of each of the relevant statutes, a judicial construction of the words "acceptance" and "completion" used in the limitation statute and surety bond respectively, should not be quick to diminish their scope by adopting a supposed industry practice, whether accurately stated or not, of implying that the word "substantial" must be read into the meaning of the word "completion". Exigencies of a particular public agency may dictate the need to take occupancy of a public structure when significant work, not interfering with occupancy, remains to be done. This may affect what appears on the "punch list".
In the present case, plaintiffs sought to amend the complaint to include OCI in early May, 1996. OCI undisputedly had actual notice of the claim about one year earlier and settlement negotiations had been ongoing. Thus, it cannot be said that OCI was prejudiced or surprised by the effort to join it in this litigation. There was no showing by OCI that the punch list items were so minimal as to render the contract "complete" for all practical purposes, as it asserts.
Consistent with the public policy that underlies the Public Bond Act and the Prevailing Wage Act, we find no basis in the record to conclude that the contract was "complete" or the "acceptance" unconditional more than one year before plaintiffs proceeded against OCI. To the contrary, plaintiffs made a showing that as late as September 8, 1995, funds were still being withheld as retainage to secure closeout requirements. A Tri-Con letter of that date referred to work just finished stating, "[T]his now completes our closeout requirements ...", and demanded final payment.
In these circumstances, it was error to deny plaintiffs' motion to join OCI. The contract was not "complete" nor was the "acceptance" final and unconditional in March, 1995 as asserted by OCI, and as we deem necessary under N.J.S.A. 2A:44-146. When more work remains to be done, and final acceptance is conditional upon its completion, the contract is not complete and an "acceptance" has not occurred. See Eagle Fire Protection Corp. v. First *645 Indemnity of America Ins. Co., 145 N.J. 345, 678 A.2d 699 (1996)(construing limitation provision of one year from date contractor "ceased work," to mean date when general contractor and all subcontractors have completed their work and are off the site.)
Plaintiffs should be given leave to amend the complaint to join OCI. We reverse and remand for further proceedings consistent with this opinion.
NOTES
[1] The language of the bond issued by OCI varies from N.J.S.A. 2A:44-146. It requires commencement of suit within twelve months from "the completion of said contract." (Emphasis provided).